E. S. AND WAYNE C. BENTSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bentson v. Commissioner
Docket No. 23059-86.
United States Tax Court
T.C. Memo 1987-172; 1987 Tax Ct. Memo LEXIS 168; 53 T.C.M. (CCH) 495; T.C.M. (RIA) 87172; March 30, 1987. Wayne C. Bentson, pro se. Marikay Lee-Martinez, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] By notices of deficiency dated March 31, 1986, respondent determined deficiencies in Federal income taxes and additions to tax against each petitioner for the year 1980 as follows: Additions to Tax
Tax
§ 6651(a)(1) [2]
§ 6653(a)
§ 6654
E. S. Bentson
$2,597.00
$524.75
$129.85
$115.00
Wayne C. Bentson
2,907.00
602.25
145.35
146.00
*169 The notices alleged, inter alia, that petitioners had not filed Federal income tax returns for 1980 and that they each received gross taxable income in the amount of $14,371. During 1980 and at the time the petition was filed petitioners were married and resided in Arizona. On June 25, 1986, petitioners sent to the Court letters contesting the deficiencies and additions to tax, which we filed as a petition. Petitioners were ordered to file a petition that complied with the Rules of this Court. On September 2, 1986, petitioners filed an amended petition that essentially alleged that petitioners had been denied "due process" because there had been no examination of their tax return. On September 18, 1986, respondent filed an answer in which he *170 addressed the deficiency and additions to tax determined with regard to Wayne C. Bentson. Notices of trial were sent to the parties on November 5, 1986, setting the case for trial during the week of January 5, 1987, in Phoenix, Arizona. On December 10, 1986, respondent moved to file an amended answer. The amended answer addressed the deficiencies determined against E. S. Bentson. We granted the motion. The case was called on January 5, 1987. Neither petitioner appeared. Respondent's counsel was ordered to contact petitioners and inform them that the case would be dismissed unless they appeared on January 6, 1987. The afternoon of January 5th, Wayne C. Bentson called the Court in Phoenix and stated that he had been told by the Clerk's Office in Washington that he did not need to appear until January 6, 1987. (There is no record of this alleged communication.) The trial clerk in Phoenix told Mr. Bentson that the case would be recalled on January 6, 1987. Wayne C. Bentson appeared; there was no appearance, however, by or on behalf of E. S. Bentson. Wayne C. Bentson (sometimes referred to as petitioner) filed a "Motion to Dismiss for Failure to Exhaust Administrative Remedies. *171 " The gist of this motion was that the Internal Revenue Service had not afforded him a conference. That motion was denied. See . Wayne C. Bentson conceded that the statutory notices were issued and that the marriage community received income. He, however, would not stipulate to the amount of the income, but conceded that he had no evidence to establish that respondent's determination that he received gross income was wrong. Mr. Bentson's primary contention was that he had filed a joint return with his wife for the 1980 tax year and paid all taxes that were legally due. Petitioner did not have a copy of the return that was allegedly filed. Petitioner also had no evidence that he made any payments of taxes (other than the amounts withheld from E. S. Bentson's wages). In support of this contention that he filed, he introduced computer printouts that he had obtained from the Internal Revenue Service. Petitioner testified that these documents established that they had filed a return. Petitioner, while apparently having some knowledge of the Internal Revenue Service's computer programs, is not an expert *172 in this area. The essence of petitioner's testimony as to the meaning of the computer codes was either disputed or explained by respondent's witnesses. We find that petitioner did not file a return for 1980. At the end of petitioner's testimony the Court asked petitioner if he had further evidence. Petitioner testified that he had been "summoned to go to a criminal case" (Tr. 34) in Fort Wayne, Indiana, and that four books, apparently regarding the Internal Revenue Service's computer system, and his personal records "were taken into custody by the Clerk" (Tr. 35). He further testified that there was "a manilla [sic] envelope in the slot on the cover [of one of the books] which are [sic] all my receipts for 1980" that "would substantiate all of my expenses, mileage, deductions, exemptions, and so forth." (Tr. 37.) According to petitioner, while his personal records (i.e., receipts) were not relevant to the criminal proceedings in Indiana, he had taken them to ask a lawyer in Indiana questions, and they had somehow been included in the records under the custody of the court. Petitioner then moved to continue the trial. After respondent presented his case, the Court continued *173 the case until the next day. The Court also informed petitioner that, since he was not a lawyer, he could not represent E. S. Bentson. The following remarks were made (Tr. 150): MR. BENTSON: I was under the opinion -- I had been told that I could represent her in this Court. THE COURT: By whom? MR. BENTSON: Judge Couvillion or something. When we continued the case to the following day petitioner was told that, unless E. S. Bentson appeared, the case as it related to her would be dismissed. Before the trial recommenced, we contacted the Clerk for the United States District Court for the Northern District of Indiana to determine whether some arrangement could be made to obtain petitioner's personal records held by that court. We were informed that there were no records in that court that corresponded to the description given by petitioner. We requested a certified copy of the inventory of the records held by that court. That has been received and has been filed in the record of this case. We also received a certified copy of the transcript in United States v. Hart, Criminal No. FCR 86-3, dated December 30, 1986. In that transcript the court specifically allowed Wayne *174 C. Bentson "to remove any personal notes that he has from the volumes." The case was called for further trial on February 7, 1987, and Wayne C. Bentson appeared. E. S. Bentson did not appear. Wayne C. Bentson filed a motion for a continuance on the ground that under Rule 37 he had 45 days to file a reply to respondent's amended answer. The Court first pointed out that there could be no prejudice arising from the amended answer with respect to him because the allegations in the amended answer relating to him were the same as in the original answer, and he had filed no reply. Second, with respect to E. S. Bentson, the amended answer simply states the deficiency and additions to tax determined in the notice of deficiency, and, under Rule 37(c), if no reply is filed, the affirmative allegations set out in the answer are deemed denied; therefore, there could be no prejudice to her. Petitioner, however, walked out of court. No reply by petitioners has been received. When we returned to Washington we inspected the record in Wayne Copley Bentson v. Commissioner, docket No. 14776-85, that was tried before Special Trial Judge Couvillion. E. S. Bentson was not a party to that case, *175 and, therefore, the question whether petitioner could represent her did not arise. Furthermore, in the correspondence file in that case there is a letter dated November 4, 1986, from a Staff Attorney of this Court to Wayne Copley Bentson stating "You may not file documents at Docket No. 14775-85." Petitioner at that docket number is Elizabeth Sara Bentson. We also determined that petitioner has been before this Court two others times, docket No. 2970-81 (for year 1977) and 1804-81 (for year 1978). Both cases were dismissed for failure to properly prosecute. We also note that additions to tax for failure to file and/or pay were sustained in both cases. E. S. Bentson: This petitioner did not appear and, accordingly, the case as it relates to her is dismissed for failure to properly prosecute. Wayne C. Bentson: There are several alternative grounds for disposing of the case with regard to this petitioner. First, with regard to petitioner's claim that he filed a tax return, we simply do not believe his testimony. His inability to produce a copy of that return or to show that any payments were made is completely inexplicable particularly since he had had difficulties with *176 the Internal Revenue Service prior to 1981, when the return for 1980 should have been filed. We also find that the computer printouts obtained from the Internal Revenue Service do not establish that he had filed a return. In short, there is no credible evidence tending to establish that he filed a return. Furthermore, since he made no attempt to establish that the gross income figures determined by respondent were incorrect, we find that he received income in that amount. With respect to possible deductions, the record is totally devoid of any credible evidence that he was entitled to any deductions in excess of the zero bracket amount used in computing his tax. See sections 63(c) and (d). His testimony, even if we believed it, totally lacks any specificity and he had no documentation. While he claimed that the documentation was in the mysterious manila envelope and asked for a continuance, we do not believe him. First, there is no record of the manila envelope in the custody of the District Court, and petitioner walked out of court before he could be questioned further about the existence of these records. Second, we find it peculiar that, while he had no copy of his return, *177 no record of payments of tax and no record of income, he had records of expenses. Accordingly, we find for respondent on this issue. We also note this case can be decided on the ground that petitioner failed to prosecute properly. The case was scheduled for further trial at 10:00 a.m., January 7, 1987. There was no order by the Court that the case was continued. Indeed, the Court denied petitioner's motion for a continuance and pointed out to him that the grounds that he alleged did not justify any continuance. In sum, petitioner consciously violated an order of the Court and dismissal is warranted under Rule 143(b). A final question arises as to whether we should award damages under section 6673, and, if so, in what amount. Section 6673 provides that, if it appears to the Court "that proceedings before have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States * * *." We have serious reservations concerning the bona fides of the grounds of petitioner's case. When an issue is joined on whether or not a return was filed, *178 it may be argued that a taxpayer's testimony is sufficient grounds for maintaining a suit even if it is uncorroborated and not accepted by the Court. On the other hand, where the testimony or other evidence is so unbelievable that it leads only to the conclusion that no reasonable basis exists for the position, we believe that petitioner's position is described as "frivolous or groundless" within the meaning of section 6673. That is the situation that we find here. As already discussed, we do not find any basis in fact for petitioner's testimony, and we note that prior to this trial, this Court had rejected essentially the same testimony in a case involving another year. See . Furthermore, we are convinced that the sole purpose for these proceedings was delay. Petitioner has been before this Court three times prior to this trial. He was aware, therefore, of our rules of practice and procedure and he persisted in making arguments that have no basis in fact. In seeking to have the disposition of this matter further delayed, he continually stated that his records allegedly substantiating his expenses were *179 in the custody of the United States District Court in Indiana. There is, however, no record of documents of that description in that court. It also is clear from the transcript that that court, while taking custody of certain documents, specifically instructed petitioner to remove any personal records. Finally, in a last attempt to delay the proceeding, petitioner moved to continue so that he could file a reply to the amended answer. There was no prejudice to petitioner in continuing the trial. The amended answer added allegations against E. S. Bentson, but no allegations were made relating to petitioner, other than those contained in the original answer to which petitioner had not filed a rely. In short, the picture painted in this record is that of a petitioner who would raise any frivolous argument to delay the resolution of this matter, and damages are warranted. Section 6673 authorizes damages up to $5,000. We believe that this case is exceptional and award damages against Wayne C. Bentson in the amount of $4,000. An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rules 180 et seq. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided.↩