T.C. Memo. 2001-87


UNITED STATES TAX COURT


REGINA S. DAVIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5882-00L.                          Filed April 10, 2001.


Regina S. Davis, pro se.

<u>Stephen J. Neubeck</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case is before the Court
on respondent's motion for summary judgment and petitioner's
motion to strike for lack of "personam" (sic) jurisdiction.
Petitioner seeks review of respondent's denial of relief under

section 6330.[1]  At the time the petition was filed, petitioner resided in Cincinnati, Ohio.

The facts may be summarized as follows.  Respondent issued notices of deficiency determining deficiencies in petitioner's Federal income taxes and additions to tax (rounded to the nearest dollar) as follows:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a) | Sec. 6654 |
|------|-----------|--------------|-----------|
| 1993 | $3,629 | $649 | $103 |
| 1994 | 4,845 | 1,100 | 222 |
| 1995 | 5,564 | 1,198 | 255 |
| 1996 | 6,613 | 1,361 | 283 |

The notices were sent to petitioner at 6727 High Meadows Drive, Cincinnati, Ohio 45230.  This is the same address shown on the petition filed in this case.  Petitioner did not file a petition to seek review of respondent's determinations of the deficiencies and additions to tax, and respondent assessed the liabilities. On or about July 28, 1999, respondent sent a notice of intent to levy, and petitioner requested a hearing pursuant to section 6330.  On May 1, 2000, after a hearing before an Appeals officer, respondent notified petitioner that her objections to collection were denied.

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

On May 25, 2000, petitioner filed a petition in this Court to review respondent's actions. The petition simply alleges that petitioner was denied a lawful "due process" hearing. Respondent filed an answer. Respondent subsequently filed a motion for summary judgment.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days of notice and demand for payment, the Secretary may collect such tax by levy upon the taxpayer's property. Section 6330[2] generally provides that the Secretary cannot proceed with the collection of taxes by way of a levy until the taxpayer has been given notice and an opportunity for administrative review in the form of an Appeals Office hearing. Section 6330(c)(2), provides

> (2) Issues at hearing.--
>
>> (A)  In general.--The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy, including--
>>
>>> (i) appropriate spousal defenses;
>>> (ii) challenges to the appropriateness of collection actions; and
>>> (iii) offers of collection alternatives, which may include the posting of a bond, the substitution of other assets, an installment agreement, or an offer-in-compromise.
>>
>> (B) Underlying liability.--The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory

---

[2]  Sec. 6330 was enacted by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 746.

notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

The determination of the Appeals officer may be reviewed judicially if the taxpayer files a timely petition in this Court or in an appropriate United States District Court.  See sec. 6330(d).  In Goza v. Commissioner, 114 T.C. 176, 181-182 (2000), we noted that "where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion."

The constitutionality of the levy provisions has long been established.  See United States v. National Bank of Commerce, 472 U.S. 713, 721 (1985); Davis v. Commissioner, 115 T.C. 35, 36 (2000).  We assume, therefore, that when petitioner refers to a denial of a "due process" hearing, she is referring to statutory rights under section 6330, rather than a constitutional attack on the levy power.

In the hearing before this Court petitioner alleged that she was denied "due process" on the grounds that (1) she is not a taxpayer because "the Internal Revenue laws repealed [the] National Prohibition Act"; (2) "anything that was called adjusted gross income is actually the Quam [Guam] income tax" and that does not apply to petitioner; (3) "the U.S. Internal Revenue

Service is a function of the Puerto Rican Bureau of Alcohol, Tobacco and Firearms"; (4) "the Secretary of Health and Human Services is the only one who can determine * * * wages"; (5) "the [Form] 1040 * * * was classified as [a] Virgin Island Return" and petitioner had no connection with the Virgin Islands; (6) "it's a felony to disclose the social security [number] to the Internal Revenue Service prior to service of a 6001 notice"; and (7) the Internal Revenue Service is not "an agency of the United States".[3]

Initially, we note that the petition for review of respondent's determination to proceed with levying petitioner's property does not satisfy the requirements of our Rules. Rule 331(b) requires that the petition contain clear and concise assignments of each and every error in respondent's determination and clear and concise statements of the facts on which petitioner bases each assignment of such error. A general statement that petitioner was denied "due process" is insufficient.

_____

[3]    In response to respondent's motion for summary judgment, petitioner filed a "Motion to Strike for Lack of Personam Jurisdiction" in which she states that "the United States Tax Court * * * lacks jurisdiction over states of the United States of America and is limited to the states of the United States, which includes the District of Columbia, Puerto Rico, Virgin Islands, Guam, American Samoa, other unnamed possessions and insular possessions of the Federal government." Petitioner's conclusion is that the Tax Court's jurisdiction is limited to the District of Columbia, Puerto Rico, territories, and insular possessions and, accordingly, the Court lacks jurisdiction to accept motions filed by the Commissioner.

Second, as we understand petitioner's position, she contends that she is not liable for the taxes. Petitioner does not allege that she did not receive the notices of deficiency for the tax liabilities in issue, nor does she allege that she did not have an opportunity to contest the deficiencies. Under section 6330(c)(2)(B), a taxpayer is precluded from contesting the existence or amount of the tax liability at an Appeals Office hearing or in this Court unless a taxpayer did not receive a notice of deficiency and did not otherwise have an opportunity to dispute such tax liability. See Pierson v. Commissioner, 115 T.C. 576, 579 (2000); Goza v. Commissioner, supra at 180-181.

Third, even if petitioner were not precluded from contesting the liabilities, the arguments that she makes are totally frivolous.

Finally, it should be pointed out that petitioner has not contended that any other issue under section 6330(c)(2) should have been considered. She did not offer any collection alternative or offer-in-compromise. As to these issues, the propriety of respondent's determination is deemed to be conceded. See Rule 331(b)(4).

In sum, petitioner has not raised any issue that would call into question the correctness of respondent's determination to proceed with the collection of the tax liabilities. Under these circumstances, it makes no difference whether we grant

respondent's motion for summary judgment or dismiss the case for failure to state a claim upon which relief may be granted.   In all events, our decision affirms respondent's determination to proceed with collection.  Accordingly, respondent's motion is granted, and petitioner's motion shall be denied.

We next consider whether this Court should impose a penalty against petitioner under section 6673(a).  That section provides that in proceedings before this Court where the position of a taxpayer is frivolous or groundless the Court may impose a penalty not to exceed $25,000.  In Pierson v. Commissioner, supra at 581, the Court warned that we would impose the section 6673(a) penalty in collection cases arising under section 6320 and/or section 6330 if the taxpayer instituted or maintained such a case primarily for delay or took a position that was frivolous in such proceeding.  Furthermore, at the hearing in this case, the Court warned petitioner that the penalty could be imposed.  Petitioner did not heed our warnings[4] and persisted in making frivolous and groundless arguments.  Accordingly, we award a penalty to the United States of $4,000 under section 6673.

An appropriate order and decision

will be entered.

---

[4]   Wayne C. Bentson appeared with petitioner at the hearing and attempted to represent her.  Bentson is not qualified to practice before this Court, and the Court refused to recognize him. Bentson is no stranger to this Court.  See Bentson v. Commissioner, T.C. Memo. 1987-172, where we imposed damages under the statutory antecedent of sec. 6673(a) of $4,000 against Bentson.