T.C. Memo. 2002-100

UNITED STATES TAX COURT

LAUREN C. JACKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12329-01L.                    Filed April 15, 2002.

<u>Thomas R. Ceraso</u>, for petitioner.

<u>Frank A. Falvo</u> and <u>Kathleen Duignan</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion To Dismiss For Failure To State A Claim
Upon Which Relief Can Be Granted.   As explained in detail below,
we shall grant respondent's motion.

Background

On January 6, 1999, respondent sent petitioner a notice of deficiency. In the notice, respondent determined a deficiency in petitioner's Federal income tax for the taxable 1996 year in the amount of $2,838.

On January 9, 1999, petitioner received the aforementioned notice of deficiency. However, petitioner never commenced an action for redetermination in this Court.

On March 12, 2001, respondent sent petitioner a Final Notice/Notice of Intent to Levy and Notice of Your Right to a Hearing in respect of petitioner's outstanding liability for 1996. Thereafter, on March 29, 2001, respondent received from petitioner a Form 12153, Request for a Collection Due Process Hearing. In the Form 12153, the only reason given by petitioner why she disagreed with respondent's proposed collection action was "disagree with assessed balance".

Petitioner's request for a hearing was assigned to respondent's Appeals Office in Pittsburgh, Pennsylvania. During the course of the administrative proceeding, petitioner raised no issue other than her underlying tax liability for the assessed deficiency. The Appeals officer advised petitioner of the limitation set forth in section 6330(c)(2)(B) on challenging her

underlying liability.[1]   Nevertheless, on or about June 13, 2001, the Appeals officer advised petitioner that he would postpone issuing a notice of determination in order to allow her to submit a request to respondent's Examination Division for audit reconsideration of her 1996 tax liability.  However, petitioner apparently failed to do so, and, on August 31, 2001, the Appeals Office issued its Notice of Determination sustaining respondent's proposed collection action.

On October 1, 2001, petitioner filed with the Court a Petition for Lien or Levy Action seeking review of respondent's notice of determination.[2]  The only issue raised in the petition is a challenge to petitioner's underlying tax liability.

As previously stated, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. Respondent contends that petitioner is barred by section 6330(c)(2)(B) from challenging the existence or amount of her tax liability in this collection review proceeding because she received a notice of deficiency.

Petitioner filed a Response, objecting to respondent's motion.  In her Response, petitioner alleges that she "never had

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  At the time that the petition was filed, petitioner resided in Pittsburgh, Pa.

the opportunity to dispute the tax liability".  Thereafter, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.  Although petitioner did not appear at the hearing, she filed a written statement pursuant to Rule 50(c) in which she continues to allege that she "never had the opportunity to dispute the tax liability".

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by way of a levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, the person may obtain judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Petitioner admits that on January 6, 1999, respondent sent her a notice of deficiency for the taxable year 1996. Petitioner also admits that she received the notice of deficiency 3 days later on January 9, 1999. Petitioner does not explain why she could not have filed a petition for redetermination with this Court if she, in fact, disputed respondent's deficiency determination. See sec. 6213(a). We therefore reject her allegation that she "never had the opportunity to dispute the tax liability".

Under the circumstances, section 6330(c)(2)(B) bars petitioner from challenging the existence or the amount of her underlying tax liability for 1996 in this collection review proceeding.  See Goza v. Commissioner, supra.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  In the absence of a justiciable issue for review, we conclude that petitioner has failed to state a claim for relief, and we shall therefore grant respondent's motion to dismiss.

Finally, we mention section 6673(a)(1).  That section authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalties in collection review cases.  Pierson v. Commissioner, 115 T.C. 576 (2000); Yacksyzn v. Commissioner, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); Watson v. Commissioner, T.C. Memo. 2001-213 (imposing a penalty in the amount of $1,500).

In the present case, petitioner did not challenge the constitutionality of the Federal income tax or make the type of

frivolous or groundless arguments that we commonly encounter in tax protester cases; however, we fail to comprehend on what basis petitioner prosecuted this case given her admission that she actually received the January 6, 1999, notice of deficiency 3 days after it was issued. One might therefore wonder whether petitioner instituted this case primarily for delay. Under the circumstances, however, we shall give petitioner the benefit of the doubt, and we shall not impose a penalty on her pursuant to section 6673(a)(1).

In order to give effect to the foregoing,

<u>An appropriate order granting respondent's motion and decision will be entered</u>.