T.C. Memo. 2002-111

UNITED STATES TAX COURT

TED L. WILLIAMS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12404-00L.          Filed May 3, 2002.

Ted L. Williams, pro se.

<u>Joanne B. Minsky</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment (respondent's motion).  We shall grant respondent's motion.

Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Jacksonville, Florida, at the time he filed the petition in this case.

Petitioner filed a Federal income tax (tax) return (return) for his taxable year 1995, which showed $8,125.87 as the tax due for that year. When petitioner filed his 1995 return, he did not pay the amount of tax due shown in that return.

On April 28, 2000, respondent issued to petitioner a final notice of intent to levy with respect to petitioner's taxable years 1995, 1996, and 1997 (final notice of intent to levy). Thereafter, petitioner requested a hearing with the Internal Revenue Service Appeals Office (Appeals Office) with respect to that notice.

On October 18, 2000, the Appeals Office held a hearing with petitioner with respect to the final notice of intent to levy.[1] Prior to having been assigned to conduct the Appeals Office hearing with respect to the final notice of intent to levy, the Appeals officer who conducted that hearing had had no relationship with petitioner and had not had any involvement with petitioner's taxable year 1995.

Prior to the Appeals Office hearing, the Appeals officer

---

[1]Although the Appeals Office hearing was held with respect to the final notice of intent to levy, which pertained to petitioner's taxable years 1995, 1996, and 1997, petitioner petitioned this Court only with respect to his taxable year 1995. Our discussion hereinafter relates only to petitioner's taxable year 1995.

obtained coded and noncoded (so-called "plain English") versions of computer-generated transcripts (transcripts) of respondent's records with respect to petitioner. Those transcripts identified petitioner, the type of tax assessed, the taxable period, the date of the assessment, and the amount assessed. At the Appeals Office hearing, the Appeals officer relied on the transcripts for the purpose of verifying that respondent made a valid assessment with respect to petitioner's taxable year 1995. The Appeals officer provided to petitioner a copy of the plain English version of those transcripts at the Appeals Office hearing.

On October 30, 2000, the Appeals Office issued to petitioner a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" (notice of determination). That notice stated in pertinent part:

> (1) The only legal requirements before taking general enforcement action are the notice & demand and the notice of intent to levy and the notice of right to a collection due process hearing. The assessments were made, and notice & demand for payment, under IRC6303(a), were sent to your last known address, along with Publication 1, your rights as a taxpayer. You neglected or refused to pay the taxes and penalties due. Subsequently, you were sent the LT11 dated 4/28/2000. The Automated Collection System followed all legal & procedural requirements and the action proposed is appropriate under the circumstances, with regard to the income tax due for 1995 only.

> (2) The issues raised by you on your request are that, for the income tax due for 1995, you did not earn the alleged taxable income. For the Civil Penalties for 1996 & 1997, that the penalty is not based on agency records. With regard to the income tax due for 1995, the tax was assessed via a tax return filed by you on

4/15/1996, showing total tax due of $8,125.87. The information that you have provided regarding your position, including the information presented by you at your hearing on 10/18/2000, did not change our position that we have a valid assessment for 1995. However, with regard to the civil penalties assessed for 1996 (4@$500), and 1997(1@$500,they cannot be considered under the collection due process procedure, because they have a separate appeal procedure under Penalty Appeals. Therefore, they will be considered under that procedure, and you will be notified of the result. Any other issues raised by you were determined to be not applicable to our consideration of this case.

(3) The proposed collection action for 1995 balances the need for the efficient collection of the tax with your legitimate concern that any collection action be no more intrusive than necessary. [Reproduced literally.]

### Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b);[2] <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no genuine issue of material fact regarding the questions raised in respondent's motion.

The validity of the underlying tax liability for 1995 is not at issue in this case.[3] Consequently, we shall consider the

---

[2]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

[3]Although not altogether clear, petitioner may have challenged the underlying tax liability for 1995 at the Appeals Office hearing. However, petitioner did not raise any challenge
(continued...)

matters addressed in respondent's motion using an abuse-of-discretion standard.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).

In the petition, petitioner alleged that (1) "the IRS failed to make an assessment in accordance with the requirements of the IR Code and underlying regulations" and that (2) "the procedural due process requirements were not met, since the IRS did not conduct a fair and impartial hearing before an impartial decision maker."  Petitioner did not allege in the petition (1) any facts to support petitioner's allegation that he did not receive "a fair and impartial hearing before an impartial decision maker" or (2) any irregularity in respondent's assessment procedure with respect to petitioner's taxable year 1995.

In his response to respondent's motion (petitioner's response) and in his affidavit in support of that response (petitioner's affidavit), petitioner abandons the allegations set forth in the petition.  Instead, he advances the types of arguments and contentions that we find to be frivolous and

---

[3](...continued)
to that liability in the petition.  Consequently, petitioner is deemed to have conceded the underlying tax liability for 1995. See Rule 331(b)(4); Lunsford v. Commissioner, 117 T.C. 183, 186 (2001).

groundless and that the courts have repeatedly rejected.[4]

---

[4]By way of illustration, petitioner's response asserts, inter alia:

1.    The Affiant [petitioner] can not serve two mas- ters.  The Affiant has a divine covenant with the Affiant's Creator **[Exodus 23:32 and 34:26]** pro- tected by the common law and the Constitution for the united States of America.

2.    The Affiant has made a formal Declaration of Alle- giance to an American Republic and cancelled the nationality that is held under the 14th amendment (U.S. citizenship) * * * the affiant never gave express consent to be or become a citizen and national of the United States: and, has declared allegiance to the republic/ Florida state and claim sole nationality thereof.

              *    *    *    *    *    *    *

        **WHEREFORE** * * * the Respondent's motion for summary judgment must be denied and vacated for lack of authority over Affiant and that no bona fide contract exists between the Respondent and Affiant.  [Reproduced literally.]

Petitioner's affidavit asserts, inter alia:

4.    The <u>federal United States government</u> has been operating under the Wars Powers Act since 1861. The United States Supreme Court is not a judicial court, but a member of the Executive Branch under Martial Law (Supreme Court Rules 45.1). * * *

              *    *    *    *    *    *    *

12.    The [Internal Revenue] Service was never created by an Act of Congress and is listed as an agency, sub-agency or sub-department of the <u>Department of the Treasury</u> in 31 USC § 301 et seq.  The Service is an "alter ego" for "Common Law Trust #62" which is registered in Puerto Rico, and is therefore inside the jurisdiction of Washington D.C.  The actual, physical headquarters of the Service is in

(continued...)

In respondent's motion, respondent contends that the Appeals officer's reliance on the transcripts to verify that respondent made a valid assessment with respect to petitioner's taxable year 1995 satisfies the requirements of section 6330(c)(1) that the Appeals officer obtain verification that the requirements of any applicable law or administrative procedure have been met.  That is because, according to respondent, (1) those transcripts contained all of the information required under section 301.6203- 1, Proced. & Admin. Regs.,[5] and (2) petitioner failed to show any

---

[4](...continued)
the Virgin Islands. * * *

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

22.  The only regulations promulgated by the Secretary to implement his collection authority are found at 27 CFR Part 70 and pertains only to matters re- garding alcohol, tobacco and firearms.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

26.  The Service is not in possession of any record maintained under the Privacy Act that shows that the Affiant is a "Taxpayer".

27.  The Service is not in possession of any record maintained under the Privacy Act that the Affiant has ever "volunteered" (without treats, duress and coercion by the Service) to file a federal 1040 tax return.

[5]Sec. 301.6203-1, Proced. & Admin. Regs., provides in perti- nent part:

The assessment shall be made by an assessment officer signing the summary record of assessment.  The summary record, through supporting records, shall provide
(continued...)

irregularity in respondent's assessment procedure with respect to petitioner's taxable year 1995.

Respondent further contends in respondent's motion that petitioner received a fair hearing before an impartial decision maker as required by section 6330(b).[6]  That is because, according to respondent, the Appeals officer "had no involvement with petitioner's case prior to receiving the file because a request for a CDP hearing was filed. * * * [The Appeals officer] also had no prior relationship with petitioner."

We agree with respondent.  Section 6330(c)(1) does not

_____

[5](...continued)
identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. * * * If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

[6]Sec. 6330(b) provides in pertinent part:

SEC. 6330.  NOTICE AND OPPORTUNITY FOR HEARING BEFORE
            LEVY.

(b) Right to Fair Hearing.--

          *     *     *     *     *     *     *

     (3) Impartial officer.--The hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) before the first hearing under this section or section 6320.  A taxpayer may waive the requirement of this paragraph.

require the Commissioner of Internal Revenue to rely on a partic-
ular document to satisfy the verification requirement imposed by
that section.[7]  We have held that, absent a showing by the tax-
payer of an irregularity in respondent's assessment procedure, it
was not an abuse of discretion for the Appeals officer to have
relied on certain computer-generated transcripts for purposes of
complying with section 6330(c)(1).[8]  On the record before us, we
find that the Appeals officer's reliance on the transcripts to
verify that respondent made a valid assessment with respect to
petitioner's taxable year 1995 did not constitute an abuse of
discretion.  On that record, we further find that the facts that
are undisputed for purposes of respondent's motion establish that
petitioner received a fair hearing before an impartial decision
maker.

Based on our examination of the entire record before us, we
find that respondent did not abuse respondent's discretion in
determining in the notice of determination to proceed with
collection with respect to petitioner's taxable year 1995.  On
that record, we shall grant respondent's motion.

Although respondent has not requested a penalty under
section 6673(a)(1), this Court is authorized to impose such a

---

[7]E.g., Lindsey v. Commissioner, T.C. Memo. 2002-87; Kuglin
v. Commissioner, T.C. Memo. 2002-51.

[8]E.g., Howard v. Commissioner, T.C. Memo. 2002-81; Kuglin v.
Commissioner, supra; Mann v. Commissioner, T.C. Memo. 2002-48.

penalty in an amount not to exceed $25,000 in cases where it appears to the Court that, inter alia, a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B). In <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioner advances, we believe primarily for delay, frivolous and groundless arguments and contentions, thereby causing the Court to waste its limited resources. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,000.

We have considered all of petitioner's arguments and contentions which are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>An order granting respondent's</u>
<u>motion and decision</u>
<u>sustaining respondent's</u>
<u>determinations and imposing a</u>

- 11 -

penalty under section 6673(a)(1) will be entered.