T.C. Memo. 2008-173

UNITED STATES TAX COURT

CHARLES M. WILLIAMS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3890-07L.                    Filed July 22, 2008.

Charles M. Williams, pro se.

Terry Serena, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment and for imposition of sanc-
tions under section 6673[1] (respondent's motion).  We shall grant

_____

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

respondent's motion insofar as it seeks summary judgment for respondent.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner's address shown in the petition in this case was in Mansfield, Ohio.

On March 20, 2006, petitioner and his spouse, Catherine Williams (Ms. Williams),[2] filed a Federal income tax (tax) return (return) for their taxable year 2000 (2000 return).  In that return, petitioner showed total tax of $11,377 and tax due of $4,501.  When petitioner filed his 2000 return, he did not pay the tax due shown in that return.

On May 8, 2006, respondent assessed the total tax shown in petitioner's 2000 return, additions to tax under sections 6651(a)(1) and (2) and 6654(a) of $1,012.72, $1,125.25, and $111.22, respectively, and interest as provided by law of $1,847.65 for his taxable year 2000.  (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 2000, as well as interest as provided by law accrued after May 8, 2006, as petitioner's unpaid 2000 liability.)

---

[2]Ms. Williams is not a petitioner in the instant case. Hereinafter, we shall refer only to petitioner.

On May 8, 2006, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 2000 liability.

On February 23, 2006, petitioner filed a return for his taxable year 2001 (2001 return). In that return, petitioner showed total tax of $13,351 and tax due of that amount. When petitioner filed his 2001 return, he did not pay the tax due shown in that return.

On April 17, 2006, respondent assessed the total tax shown in petitioner's 2001 return, additions to tax under section 6651(a)(1) and (2) of $3,003.97 and $3,270.99, respectively, and interest as provided by law of $3,938.72 for his taxable year 2001. (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 2001, as well as interest as provided by law accrued after April 17, 2006, as petitioner's unpaid 2001 liability.)

On April 17, 2006, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 2001 liability.

On February 23, 2006, petitioner filed a return for his taxable year 2003 (2003 return). In that return, petitioner showed total tax of $12,801 and tax due of $12,329. When petitioner filed his 2003 return, he did not pay the tax due shown in that return.

On April 3, 2006, respondent assessed the total tax shown in petitioner's 2003 return, additions to tax under sections 6651(a)(1) and (2) and 6654(a) of $2,774.02, $1,479.48, and $316.74, respectively, and interest as provided by law of $1,771.11 for his taxable year 2003. (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 2003, as well as interest as provided by law accrued after April 3, 2006, as petitioner's unpaid 2003 liability.)

On April 3, 2006, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 2003 liability.

On February 23, 2006, petitioner filed a return for his taxable year 2004 (2004 return). In that return, petitioner showed total tax of $16,456 and tax due of that amount. When petitioner filed his 2004 return, he did not pay the tax due shown in that return.

On March 27, 2006, respondent assessed the total tax shown in petitioner's 2004 return, additions to tax under sections 6651(a)(1) and (2) and 6654(a) of $3,702.60, $987.36, and $471.57, respectively, and interest as provided by law of $1,283.98 for his taxable year 2004. (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 2004, as well as interest as provided by law accrued after March 27, 2006, as petitioner's unpaid 2004 liability.)

On March 27, 2006, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 2004 liability.

Petitioner timely filed a return for his taxable year 2005 (2005 return). In that return, petitioner showed total tax of $11,399 and tax due of $9,756.[3] When petitioner filed his 2005 return, he did not pay the tax due shown in that return.

On March 27, 2006, respondent assessed the total tax shown in petitioner's 2005 return and an addition to tax under section 6654(a) of $384.01. (We shall refer to any unpaid assessed amounts with respect to petitioner's taxable year 2005, as well as interest as provided by law accrued after March 27, 2006, as petitioner's unpaid 2005 liability.)

On March 27, 2006, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 2005 liability.

On June 21, 2006, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing under IRC 6320 (notice of tax lien) with respect to petitioner's unpaid 2000 liability, petitioner's unpaid 2001 liability, petitioner's

---

[3]The record does not contain the page of petitioner's 2005 return that shows the amount of tax due. However, Form 4340, CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS (Form 4340), for petitioner's taxable year 2005 indicates that $1,643 of the total tax shown in that return had been withheld. Thus, the amount of petitioner's tax for that year shown due in petitioner's 2005 return was $9,756.

unpaid 2003 liability, petitioner's unpaid 2004 liability, and petitioner's unpaid 2005 liability. (We shall refer collectively to those liabilities as petitioner's unpaid liabilities for 2000, 2001, 2003, 2004, and 2005.)

On July 10, 2006, petitioner timely submitted to respondent Form 12153, Request for a Collection Due Process Hearing (petitioner's Form 12153), with respect to the notice of tax lien. In that form, petitioner indicated his disagreement with the notice of tax lien and requested a hearing with respondent's Appeals Office (Appeals Office).[4] In petitioner's Form 12153, petitioner stated in pertinent part: "I request collection alternatives including OIC and payment schedule." Petitioner's Form 12153 also contained certain statements, contentions, arguments, and/or requests that the Court finds to be frivolous, groundless, and/or irrelevant.

By letter dated September 12, 2006, the Appeals Office acknowledged receipt of petitioner's Form 12153.

On or about September 18, 2006, petitioner submitted to respondent Form 656, Offer in Compromise (Form 656). Except for the names, address, and Social Security numbers of petitioner and his spouse and the amount of their offer-in-compromise, peti-

---

[4]In petitioner's Form 12153, petitioner also indicated his disagreement with a "Notice of Levy/Seizure". The record does not establish that respondent issued any such notice to petitioner.

tioner did not provide any of the information requested in Form 656.

On or about September 18, 2006, petitioner also submitted to respondent Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals (Form 433-A). Except for the names, address, telephone number, marital status, and birth dates of petitioner and his spouse and the occupation and place of employment of petitioner,[5] petitioner did not provide any of the information requested in Form 433-A.

Petitioner attached to petitioner's Form 656 and petitioner's Form 433-A copies of petitioner's "**STATEMENT OF EARNINGS and DEDUCTIONS**" for the weekly pay periods ended February 5 through April 23, 2006.

Form 433-A asked petitioner to list different types of assets that he owned. Petitioner did not list any such assets in that form. In reviewing certain public records, a settlement officer with the Appeals Office who was assigned petitioner's Form 12153 (settlement officer) concluded that petitioner may have owned certain real property and four automobiles.

---

[5]In petitioner's Form 433-A, petitioner indicated that his spouse was a "Home maker [sic]". In petitioner's Form 433-A, petitioner showed as his occupation "Painter - Carpentar [sic]". Petitioner, however, attached to that form and petitioner's Form 656 a document in which he stated that he was "no longer working."

The settlement officer sent petitioner a letter dated
December 16, 2006 (settlement officer's December 16, 2006 let-
ter). That letter stated in pertinent part:

> I have scheduled a telephone conference call for you on
> January 25, 2007 at 11:30 a.m. CST. I will promptly
> call your Power of Attorney at the date and time indi-
> cated above. This call will be your primary opportu-
> nity to discuss with me the reasons you disagree with
> the collection action and/or to discuss alternatives to
> the collection action. If this time is not convenient
> for you, or you would prefer your conference to be held
> by correspondence, please let me know within fourteen
> (14) days from the date of this letter.
>
>     *     *     *     *     *     *     *
>
> <u>The issues you raise in your CDP Request are those that
> Courts have determined are frivolous or Appeals does
> not consider.</u>
>
> Please be advised that Appeals does not provide a face-
> to-face conference if the only items you wish to dis-
> cuss are those:
>
> 1.  Courts have determined are frivolous * * *.
>
> 2.  Appeals does not consider irrelevant issues,
>     such as moral, religious, political,
>     constitutional, conscientious, or similar
>     grounds.
>
> **You will be allowed a face-to-face conference on any
> non-frivolous issue; however you will need to provide
> the non-frivolous issue in writing or by calling me
> within 14 days from the date of this letter before a
> face-to-face conference will be scheduled.**
>
>     *     *     *     *     *     *     *
>
> For me to consider alternative collection methods such
> as an installment agreement or offer in compromise, you
> must provide any items listed below. In addition, you
> must have filed all federal tax returns required to be
> filed.

The items to be provided are:

- Proof that estimated tax payments are paid in full (for an Offer in Compromise); delinquent estimated tax payments may be included in installment agreement payments.

  Appeals cannot approve an installment agreement or accept an offer-in-compromise unless all required estimated tax payments for the current year's income tax liability have been made.  If you wish to pursue one of these alternatives during the CDP hearing process, you must arrange for the payment of any required estimated tax payments.  Delinquent estimated tax payments can be included in an installment agreement.  However, the estimated tax payments must be paid in full before an offer-in-compromise can be accepted. Our records indicate that you have not made estimated tax payments for the following period(s):  December 31, 2006.  You must make an estimated tax payment of $8,780.00 to your local IRS office and submit a copy of your receipt, or provide other verification that your estimated tax payments are sufficient so far this tax year.  This documentation must be received no later than 1/1/07 for full consideration of your offer.  If it is not timely received the offer will be rejected.

- All items noted on the attached 'Appeals Document Request'

- Relevant non-frivolous issues

Please send me the items listed or checked above within 14 days * * * from the date of this letter.  I cannot consider collection alternatives at your conference nor can I consider alternatives during the hearing process without the information requested above. * * *

   *        *        *        *        *        *        *

Before you decide whether to petition a notice of determination, you should know that the Tax Court is empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it

primarily for delay or for taking a position that is frivolous or groundless [Pierson v. Commissioner, 115 T.C. 576 (2000); Forbes v. Commissioner, T.C. Memo[.] 2006-10 ($20,000 penalty imposed); Aston v. Commissioner, T.C. Memo[.] 2003-128 ($25,000 penalty imposed)].

The settlement officer attached to the settlement officer's December 16, 2006 letter a document entitled "**APPEALS DOCUMENT REQUEST**". That document stated in pertinent part:

Please provide the following:

1. Income: Please provide proof of gross earnings and deductions for the past three months from each employer * * *

2. Banking: Please include your current bank statements * * * for all personal and business accounts for the past three CONSECUTIVE months. * * *

3. Investments: Please provide a current * * * account balance statement. * * *

4. Life insurance: Please provide a statement from your life insurance companies indicating the type of insurance, cash/loan value amounts. * * *

5. Vehicles: Please include your current statement from your lender with the monthly payment amount and current balance of the loan for each vehicle purchased or leased. * * *

6. Real Estate: Please include your current statement from lender with monthly payment amount and current balance for each piece of real estate owned.

THIS INFORMATION SHOULD BE RECEIVED IN OUR OFFICE WITHIN 14 DAYS OF THIS LETTER. * * *

Petitioner did not make the estimated tax payments with respect to his taxable year 2006, as requested in the settlement officer's December 16, 2006 letter. Nor did petitioner submit to

the settlement officer the information requested in that letter. Instead, on December 27, 2006, in response to the settlement officer's December 16, 2006 letter, petitioner sent to the settlement officer a letter (petitioner's December 27, 2006 letter) that stated in pertinent part:

> If any of my correspondence contained frivolous arguments, I now withdraw them.
>
> Attached is my revised CDPH Request form 12153 dated December, 26 2006 [sic]. I recall and replace the previous CDPH Request, form 12153, filed on August 2006, which the IRS did not like.
>
> Your letter also stated that I would be allowed a face-to-face hearing on any non-frivolous issue. Therefore, under IRS sections 6320/6330, I am asking for a face-to-face hearing for following non-frivolous grounds:
>
> (1) Collection Alternatives including offer in compromise, payment schedule, CNC (Currently Not Collectable), etc.
>
> (2) Procedural Irregularities
>
> (3) Issues as requested in the new CDPH form 12153 being submitted herewith
>
> (4) Challenges to the appropriateness of the collection action.
>
> (5) Spousal relief
>
> (6) liability of frivolous penalty

Petitioner enclosed with petitioner's December 27, 2006 letter a document entitled "**Request for a Collection Due Process Hearing**" (petitioner's second request for a collection due process hearing). That document stated in pertinent part: "**I request collection alternatives including OIC and payment sched-**

**ule.**"  Petitioner's second request for a collection due process hearing also contained certain statements, contentions, arguments, and/or requests that the Court finds to be frivolous, groundless, and/or irrelevant.

On February 6, 2007, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or section 6330 (notice of determination) with respect to petitioner's taxable years 2000, 2001, 2003, 2004, and 2005.  That notice stated in pertinent part:

> The Office of Appeals has determined not to grant you relief under Internal Revenue Code (IRC) § 6320 from the filing of the Notice of Federal Tax Lien (NFTL) covering your December 31, 2000, December 31, 2001, December 31, 2003, December 31, 2004 and December 31, 2005 tax liabilities.  You have not provided any specific information or documents which would indicate that withdrawal of the NFTL would facilitate the collection of the tax liability and there is no indication that withdrawal of the lien would be in the government's best interest.
>
> Before you decide whether to petition this notice of determination, you should know that the Tax Court is empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless [Pierson v. Commissioner, 115 T.C. No. 39 (2000)].  It is our view that the positions you have taken have no merit and are groundless.

The notice of determination included an attachment that stated in pertinent part:

### SUMMARY AND DETERMINATION

> You requested a Collection Due Process (CDP) Hearing under Internal Revenue Code (IRC) § 6320 in reference to a Notice of Federal Tax Lien Filing (NFTL).

You requested a Collection Due Process (CDP) Hearing under Internal Revenue Code (IRC) Section (§) [sic] 6330 in reference to a Notice of Levy/Seizure.

Your request for a CDP Hearing was timely since it was received within the 30-day time period as set in the statute.

A notice of intent to levy has not been filed.

The Office of Appeals determination is that relief is not granted from the NFTL. You did not qualify for withdrawal of the notice as allowed for in IRC 6323(j).

### BRIEF BACKGROUND

You are appealing the 2000, 2001, 2003, 2004 and 2005 tax years. The liabilities are due to insufficient withholdings.

The Settlement Officer sent you a letter dated December 16, 2006 advising you of a telephonic conference for January 25, 2006 at 11:30 a.m. CST. The letter asked you to submit the following 14 days from the date of the letter: estimated tax payment in the amount of $8,780.00 (since an offer in compromise was submitted), relevant non-frivolous issues and all items noted on the Appeals Document Request. You submitted correspondence which reiterated frivolous arguments and not the requested items.

This letter also advised of your option for a face to face conference on any non-frivolous issue. You were to provide the Settlement Officer within 14 days of the letter a statement detailing your non-frivolous issues. Since your response reiterated frivolous arguments the face to face conference was denied.

### DISCUSSION AND ANALYSIS

IRC § 6320 & § 6330 taken together require the Service to:

    a) Verify at the Hearing that the requirements of legal and administrative procedures have been met;

b) Adequately review specific issues raised by a taxpayer at a Hearing, and;

c) Balance the needs of the Service to efficiently collect the tax with the taxpayer's expectation that the proposed actions be no more intrusive than necessary.

**Verification of legal and
administrative procedural requirements:**

N   The assessment was made on the applicable Due Process Notice periods per IRC § 6201.

N   The Notice and Demand for payment letter was mailed to your last known address within 60 days of the assessment, as required by IRC § 6303.

N   There was a balance due when the Collection Due Process notice was issued per IRC § 6322 and § 6331(a).  There remains an amount due and owing.

N   IRC §6320 does, in fact, provide for a Collection Due Process Hearing _after_ a Notice of Federal Tax Lien has been filed.  Your notification of this action was handled in accordance with the requirements of the Code and Manual provisions relating to the filing of a Federal Tax Lien.

N   You were given the opportunity to raise any relevant issues relating to the unpaid tax or the proposed levy action at the Hearing in accordance with IRC § 6330(c).

N   The Settlement Officer requested and reviewed detailed computer transcripts of each of the years in question.

N   The Settlement Officer was provided various documents from the administrative collection files, and reviewed the provided information.

N   It appears that the Service met the requirements of all applicable laws, regulations and administrative procedures during the assessment and collection phases of this investigation.

N   The Settlement Officer does not recall any
    prohibited prior involvement with these tax peri-
    ods.  The Appeals employee who was assigned to
    your case has had no prior involvement, either in
    a previous Appeals hearing or in Compliance activ-
    ities, with you concerning the applicable tax
    periods before this CDP case.

## Issues raised by the taxpayer:

**Issue:**

In your request for a hearing you present frivolous
arguments.  You also state that you would like consid-
eration for an offer in compromise.

**Response:**

Since non-frivolous issues were not presented the
conference was conducted by mail.

IRC section 6321 provides a statutory lien when a
taxpayer neglects or refuses to pay a tax liability
after notice and demand.  To be valid against third
parties except other governmental entities, the notice
of the lien must be filed in the proper place for
filing per IRC section 6323(a) and (f).

The notice and demand as required by IRC section 6321
for the balance owed was issued.  The 30-day notice
required under IRC section 6331(d) was sent certified.
The RRA'98 Act Section 3421, which requires that IRS
employees and managers follow a review and approval
process for a lien, was followed.  The law imposes no
further requirements prior to the filing of the NFTL.

The Taxpayer Bill of Rights II signed into law on July
30, 1996 gives the Service either authority to withdraw
a NFTL under the following circumstances:

◊   The filing of the notice was premature or
    otherwise not in accordance with the Service's
    administrative procedures;

◊   The taxpayer entered into an agreement under
    Section 6159 to satisfy the tax liability for
    which the lien was imposed by means of
    installment payments, unless such agreement

provides otherwise,

◇ Withdrawal of such notice will facilitate the collection of the tax liability, or

◇ With the consent of the taxpayer or the Taxpayer Advocate, the withdrawal of such notice would be in the best interest of the taxpayer (as determined by the Taxpayer Advocate) and the United States.

You have not provided any specific information or documents which would indicate that withdrawal of the NFTL would facilitate the collection of the tax liability and there is no indication that withdrawal of the lien would be in the government's best interest.

The underlying liability issue was not raised.

The offer in compromise submitted could not be considered since you did not remain in compliance. The requested estimated tax payment of $8,780.00 was not submitted as requested.

• No other issues were raised.

**Balancing the need for efficient collection with taxpayer concerns that the collection be no more intrusive than necessary:**

The Office of Appeals has considered the issues raised, and balanced the proposed collection action with the legitimate concern that such action be no more intrusive than necessary as required by IRC (§) [sic] 6330(c)(3).

Appeals determination is that relief is not granted from the NFTL. You do not qualify for withdrawal of the notice as allowed for in IRC 6323(j).

Before you decide whether to petition this notice of determination, you should know that the Tax Court is empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless [Pierson v. Commissioner, 115 T.C. No. 39 (2000)]. It is our view that the positions you have taken have no merit and are groundless.

On February 4, 2008, the Court issued an Order (Court's February 4, 2008 Order) in which, inter alia, the Court indicated: "the Court believes that petitioner may intend to advance frivolous and/or groundless contentions and/or arguments in this case." In the Court's February 4, 2008 Order, the Court reminded petitioner about section 6673(a)(1) and admonished him that, in the event that he advanced frivolous and/or groundless statements, contentions, and/or arguments, the Court would impose a penalty not in excess of $25,000 on him under that section.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

In petitioner's response to respondent's motion (petitioner's response), petitioner does not dispute the existence or the respective amounts of petitioner's unpaid liabilities for 2000, 2001, 2003, 2004, and 2005. Where the validity of the underlying tax liability is not properly placed at issue, as is the case here for each of the taxable years 2000, 2001, 2003, 2004, and 2005, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. See

Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

In petitioner's response, petitioner makes a number of statements that we do not find to be relevant and material in resolving respondent's motion.[6] We shall not address any of those statements.

In petitioner's response, petitioner also advances several arguments in support of his position that the Court should deny respondent's motion. We turn first to petitioner's argument in petitioner's response that he "is entitled to see proof that he

---

[6]For example, petitioner makes the following statements in petitioner's response: "Petitioner is a pro se litigant with very little education and no computer skills. Taxpayer is lost in the maze of rules and case law involved in a case like this. District counsel with overwhelming resources is attempting to take advantage of taxpayer with very few resources." As a further example of petitioner's irrelevant and immaterial statements, petitioner makes the following statements in petitioner's response:

> Taxpayer should be commended for using package pleadings which expedite this case and foster judicial economy.
>
>     *     *     *     *     *     *     *
>
> * * * The taxpayer's pleadings from a public domain website have been used in hundreds of cases in tax court and not once has any judge found them "frivolous and not grounded in law or fact." * * *

As a final example, petitioner makes the following statements in petitioner's response: "District Counsel is a bully attempting to frighten hapless taxpayer with no resources. * * * Petitioner is retired, elderly and in poor health. District Counsel's false accusations upset him."

received the Notice of Deficiency plus the Notice and Demand Letter."  With respect to petitioner's argument that he "is entitled to see proof that he received the Notice of Deficiency", the record establishes that each of petitioner's unpaid liabilities for 2000, 2001, 2003, 2004, and 2005 consists of the amount of tax due that petitioner showed in his return for each such year, as well as any additions to tax and interest as provided by law for each such year.  None of those liabilities arose from a deficiency that respondent determined in a notice of deficiency. We reject petitioner's argument that he "is entitled to see proof that he received the Notice of Deficiency".

With respect to petitioner's argument that he "is entitled to see proof that he received * * * the Notice and Demand Letter", Form 4340 for each of petitioner's taxable years 2000, 2001, 2003, 2004, and 2005 shows that respondent issued to petitioner a notice of balance due on the same date on which respondent assessed petitioner's tax, as well as any additions to tax and interest as provided by law, for each such year.[7]  Petitioner does not deny that he received a notice of balance due with respect to each of those years.  The settlement officer relied on the respective Forms 4340 in verifying, as required by section 6330(c)(1), that respondent had issued to petitioner

---

[7]A notice of balance due constitutes the notice and demand for payment under sec. 6303(a).  <u>Craig v. Commissioner</u>, 119 T.C. 252, 262-263 (2002).

notices of balance due with respect to petitioner's unpaid liabilities for 2000, 2001, 2003, 2004, and 2005.  We reject petitioner's argument that he "is entitled to see proof that he received * * * the Notice and Demand Letter."

In asserting that he "is entitled to see proof that he received * * * the Notice and Demand Letter", petitioner appears to be requesting a copy of the verification upon which the settlement officer relied in verifying under section 6330(c)(1) that respondent had issued to petitioner a notice of balance due with respect to each of petitioner's unpaid liabilities for 2000, 2001, 2003, 2004, and 2005.  Section 6330(c)(1) did not require the settlement officer to provide petitioner with a copy of the verification upon which the settlement officer relied.  See Craig v. Commissioner, 119 T.C. 252, 262 (2002).  We have rejected as frivolous and/or groundless a request for a copy of any such verification.[8]

We turn next to petitioner's principal argument in petitioner's response, namely, he "is entitled to a face-to-face conference" with the Appeals Office.  In support of that argument, petitioner contends that he "made many offers of [a] collections alternative during the appeal process."  As we understand it, petitioner is arguing that he is entitled to a face-to-face hearing with the Appeals Office in order to discuss

---

[8]See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46.

certain collection alternatives. We reject petitioner's argument. The settlement officer gave petitioner an opportunity to comply with respondent's rules for considering a collection alternative, but petitioner failed to comply with those rules.[9] Specifically, in the settlement officer's December 16, 2006 letter, the settlement officer informed petitioner that she could not "consider alternative collection methods such as an installment agreement or offer in compromise" unless (1) "all required estimated tax payments for the current year's income tax liability have been made" and (2) petitioner submitted certain financial information to the settlement officer within 14 days from the date of that letter. Petitioner did not make the estimated tax payments with respect to his taxable year 2006, as requested in the settlement officer's December 16, 2006 letter. Nor did petitioner submit to the settlement officer the financial information that she requested in that letter. Instead, in response to the settlement officer's December 16, 2006 letter, petitioner

---

[9]As pertinent here, pt. 5.8.7.2.2.1(1) of the Internal Revenue Manual (IRM) (Sept. 1, 2005) provides that

> A processable offer may be returned when the investigation reveals the taxpayer does not have sufficient estimated tax paid or income tax withheld to cover the current year estimated tax due.

Moreover, pt. 5.14.1.5.1(19) of the IRM (July 12, 2005) provides that "Compliance with filing, paying estimated taxes, and federal tax deposits must be current from the date the installment agreement begins."

sent to the settlement officer petitioner's December 27, 2006 letter in which he stated, as he had in petitioner's Form 12153, that he was requesting collection alternatives.

Except for petitioner's argument that he is entitled to a face-to-face hearing with the Appeals Office in order to discuss certain collection alternatives, which we have rejected, petitioner does not indicate what other matters, if any, he would raise at a face-to-face hearing with the Appeals Office. We conclude that it is not necessary and will not be productive to remand this case to the Appeals Office for a face-to-face hearing. See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination with respect to petitioner's taxable years 2000, 2001, 2003, 2004, and 2005.

In respondent's motion, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the

taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

We believe that petitioner instituted and maintained the instant case primarily for delay. We also believe that if permitted to do so, petitioner would advance a position in this case that is frivolous and/or groundless. Nonetheless, we shall not impose a penalty under section 6673(a)(1) on petitioner. We caution him that he may be subject to such a penalty if in the future he institutes or maintains a proceeding in this Court primarily for delay and/or his position in any such proceeding is frivolous or groundless. See <u>Abrams v. Commissioner</u>, 82 T.C. 403, 409-413 (1984); <u>White v. Commissioner</u>, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein, and, to the extent we have not found them to be frivolous and/or groundless, we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion insofar as it seeks summary judgment for respondent.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision for respondent will be</u>

<u>entered</u>.