115 T.C. No. 39


UNITED STATES TAX COURT


TERRY HIRAM PIERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8650-00L.                    Filed December 14, 2000.


R issued a notice of deficiency to P for the taxable year 1988, but P did not file a petition for redetermination with the Court.  R subsequently issued a notice of intent to levy.  P requested and received an administrative review of the proposed collection action.  R issued a notice of determination to P stating that all applicable laws and administrative procedures had been met and that collection would proceed; R further advised P that a challenge to the underlying liability would not be considered because P had received a notice of deficiency.  P filed an imperfect petition with the Court for review of respondent's determination to proceed with collection.  However, the petition did not contain any specific allegations.  R moved to dismiss for failure to state a claim.  The Court then directed P to file a proper amended petition, but P failed to do so.  Rather, P filed a statement asserting that he is not liable for the underlying liability based on frivolous and groundless arguments.

Held, P's petition for review of R's administrative determination to proceed with collection fails to state a claim upon which relief can be granted. See Goza v. Commissioner, 114 T.C. 176 (2000). Held, further, the Court may in a Lien and Levy Action, either upon the Commissioner's motion or sua sponte, require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that such action has been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such action is frivolous or groundless. See sec. 6673(a)(1), I.R.C.

Terry Hiram Pierson, pro se.

Kerry Bryan and John A. Weeda, for respondent.

## OPINION

WELLS, Chief Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(5) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge: This matter is before the Court on respondent's Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. As discussed in detail below, we shall grant respondent's motion.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

On October 6, 1995, respondent issued a notice of deficiency to petitioner determining a deficiency of $5,944 in his Federal income tax for 1988, as well as an addition to tax pursuant to section 6651(a)(1) in the amount of $736 and an addition to tax pursuant to section 6654(a) in the amount of $166. Petitioner did not file a petition with the Court contesting the notice of deficiency within the 90-day period prescribed in section 6213(a).

The notice of deficiency for 1988 was mailed to petitioner at 7690 Knox Court, Westminster, Colorado 80030, the same address that petitioner used in filing the petition herein. Petitioner does not allege that he did not receive the notice of deficiency, and respondent has no record that the notice was returned by the U.S. Postal Service to respondent as undelivered.

On January 24, 2000, respondent mailed a final notice of intent to levy to petitioner. See sec. 6331. The notice stated that petitioner owed tax and additional amounts totaling $8,309.06 for the taxable year 1988 and that respondent was preparing to collect this amount. The notice also stated that petitioner would be given 30 days to request an Appeals Office hearing.

Petitioner requested a hearing with respondent's Appeals Office. On July 12, 2000, the Appeals Office issued a Notice of

Determination Concerning Collection Actions to petitioner stating in pertinent part as follows:

> Your request for a hearing with Appeals was made under IRC §6330 to prevent appropriate collection action. You state in your request that you did not have income for 1988 that is subject to tax. Tax was assessed for the year 1988 under IRC §6020(b) because you failed to voluntarily file an income tax return. You were provided an opportunity to dispute the assessment but you defaulted on the statutory notice of deficiency of October 6, 1995.
>
> A hearing with Appeals to discuss alternative collection resolutions was held with you on June 12, 2000. IRC §6330(c)(2)(B) precludes you from raising the 1988 liability as an issue. You responded by stating that you had no income that is subject to tax for 1988 and requested a Determination Letter be issued so that you may pursue your case through the Tax Court.

On August 10, 2000, petitioner submitted to the Court a document that the Court filed as an imperfect petition for review of respondent's determination to proceed with collection.[2] The petition does not contain any specific allegations.

In response to the petition, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted. Respondent asserts that, because petitioner received a notice of deficiency for the year in issue (and therefore was presented with an earlier opportunity to contest his tax liability in this Court), petitioner is precluded by statute from contesting his tax liability in this proceeding. By Order dated

---

[2] At the time that the petition was filed, petitioner resided in Westminster, Colo.

October 4, 2000, petitioner was directed to file a proper amended petition. Petitioner failed to file a proper amended petition.

This matter was called for hearing at the Court's motions session held in Washington, D.C., on November 8, 2000. Counsel for respondent appeared at the hearing and offered argument and evidence in support of respondent's motion to dismiss. No appearance was made by or on behalf of petitioner at the hearing. Rather, petitioner responded to the notice of hearing by filing a Rule 50(c) statement in which he asserted that he is not liable for the underlying taxes based on frivolous and groundless arguments, including the following:

> According to 6331(a) and the fact I am not an elected official, or an employee of the United States of America or one of its possessions, and not receiving an income from the government, (upon whom a levy or notice of levy could be served) the "Notice of intent to levy" should not be allowed to be used on the citizens and general public.

> The word income is not defined in the I.R.C., * * * but, can only be a derivative of corporate activity.

> [I]ncome taxes applied on individuals is [sic] illegal.

> [T]axes are filed voluntarily and * * * Assessment of taxes on individuals is also voluntary and self assessment [sic].

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, then the Secretary is authorized

to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice before proceeding with collection by levy on the taxpayer's property, including notice of the administrative appeals available to the taxpayer.

In the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide due process protections for taxpayers in tax collection matters. Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing), and if dissatisfied, with judicial review of the administrative determination in either the Tax Court or Federal District Court.

In Goza v. Commissioner, 114 T.C. 176 (2000), we explained that section 6330(c) provides for an Appeals Office hearing to address collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Under section 6330(c)(2)(B), neither the existence nor the amount of the underlying tax liability can be contested at an Appeals Office

hearing unless the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute such tax liability. The taxpayer in Goza had received a notice of deficiency, yet failed to file a petition for redetermination with the Court. When the taxpayer subsequently attempted to use the Court's collection review procedure as a forum to assert frivolous and groundless constitutional arguments against the Federal income tax, the Court dismissed the petition for failure to state a claim upon which relief can be granted.

As was the case in Goza v. Commissioner, supra, we are satisfied that petitioner received a notice of deficiency, failed to file a petition for redetermination with the Court, and has attempted to contest his liability in this collection review proceeding by raising frivolous and groundless arguments that he is not liable for Federal income tax. Under the circumstances, section 6330(c)(2)(B) clearly provides that petitioner was barred from contesting the existence or amount of his tax liability before the Appeals Office. Petitioner failed to raise a spousal defense or challenge respondent's proposed levy by offering a less intrusive means for collecting his tax liability in either the Appeals Office hearing or in his petition for review filed with the Court. See sec. 6330(c)(2)(A). These issues are now deemed conceded. See Rule 331(b)(4). In the absence of a

justiciable issue for review, we conclude that the petition fails to state a claim for relief.[3]

As a final matter, we feel compelled to make mention of section 6673(a)(1). That section provides in relevant part as follows:

> SEC. 6673. SANCTIONS AND COSTS AWARDED BY COURTS.
>
> (a) Tax Court Proceedings.--
>
>     (1) Procedures Instituted Primarily for Delay, Etc.--Whenever it appears to the Tax Court that--
>
>         (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,
>
>         (B) the taxpayer's position in such proceeding is frivolous or groundless, * * * the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

See Wilkinson v. Commissioner, 71 T.C. 633 (1979), for a discussion of the history of legislative efforts to discourage frivolous appeals to this Court.

In the context of a deficiency action that we decided some 23 years ago, we stated as follows:

> In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws.

---

[3] The decision in this case will indicate that we sustain respondent's administrative determination to proceed with collection against petitioner. Our decision does not serve as a review of respondent's determination as to petitioner's underlying tax liability for 1988.

> This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court * * * and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us.

Hatfield v. Commissioner, 68 T.C. 895, 899 (1977). Although we did not require the taxpayer in that case to pay a penalty, we stated that "if tax protestors continue to bring such frivolous cases, serious consideration should be given to imposing such damages." Id. at 900.

We are convinced that petitioner instituted or maintained the present case primarily, if not exclusively, as a protest against the Federal income tax. Further, it is readily apparent that petitioner's position is frivolous and groundless. See, e.g., Smith v. Commissioner, T.C. Memo. 2000-290. Thus, we would be fully justified in requiring petitioner to pay a penalty pursuant to section 6673. On the other hand, this Court's jurisdiction over lien and levy actions is barely 2 years old, see RRA 1998 sec. 3401, and we have not previously required a taxpayer who abused the protections afforded by sections 6320 and 6330 to pay a penalty pursuant to section 6673. Nor have we previously provided unequivocal warning to such taxpayers that we may require them to pay such a penalty. Accordingly, we have decided not to require petitioner to pay a penalty in this case.

However, we regard this case as fair warning to those taxpayers who, in the future, institute or maintain a lien or levy action primarily for delay or whose position in such a proceeding is frivolous or groundless.  See White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979) (providing fair warning to taxpayers in deficiency actions who bring frivolous case merely for purposes of delay).

To reflect the foregoing,

An order of dismissal and decision will be entered.