T.C. Memo. 2006-257

UNITED STATES TAX COURT

WILLIAM EDWARD THOMASON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 7337-05L.                    Filed November 28, 2006.

      P filed a petition for judicial review pursuant to
sec. 6330, I.R.C., in response to a determination by R
that levy action was appropriate.  The Court sustained
R's determination in a bench opinion rendered on a
motion for summary judgment.  R subsequently filed a
motion for imposition of a penalty under sec. 6673,
I.R.C.

      <u>Held</u>:  A penalty under sec. 6673, I.R.C., is due
from P and is awarded to the United States in the
amount of $1,500.

William Edward Thomason, pro se.

<u>John D. Davis</u>, for respondent.

---

[*] This opinion supplements the bench opinion previously
rendered in this case on August 30, 2006, in Pocatello, Idaho.

SUPPLEMENTAL MEMORANDUM OPINION

WHERRY, Judge:  The petition in this case was filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.[1]  The matter is presently before the Court on respondent's motion for imposition of a penalty under section 6673.

## Background

Relevant background information may be summarized as follows.  Petitioner failed to file Federal income tax returns for the 1987 to 1992 taxable years.  On May 9, 1994, the Internal Revenue Service (IRS) issued to petitioner a statutory notice of deficiency for those years.  Petitioner at no time alleged that he did not receive the notice.

No petition was filed with the Tax Court in response to the May 9, 1994, notice, and the deficiencies and additions to tax determined therein, as well as statutory interest, were assessed on November 14, 1994.  Notices of balance due were sent to petitioner for all years on that date and on December 19, 1994, January 23, 1995, and February 27, 1995.

Respondent subsequently issued to petitioner with respect to his 1987 through 1992 income tax liabilities a Final Notice of

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended.

Intent To Levy and Notice of Your Right to a Hearing, dated July 8, 2004. Petitioner, utilizing Form 12153, Request for a Collection Due Process Hearing, timely sought a hearing, explaining his disagreement as follows:

> Everything you claim I owe is false. My income has been so small for so long--If I filed--I'm sure I would be eligable [sic] for Govt. help. I have no idea how you arrived at the false numbers you claim against me. I have suffered much because of your tactics of intimidation and look forward to getting the whole mess straightened out.

The IRS Office of Appeals thereafter sent petitioner a letter dated December 3, 2004, briefly outlining the Appeals process, explaining the issues that could be raised, indicating that challenges to the tax liability would be unavailable except through other avenues such as the audit reconsideration process, advising of materials that should be submitted for consideration of any collection alternatives, and requesting that petitioner call to discuss and schedule the requested hearing. Petitioner called on December 17, 2004, continuing to voice disagreement with the liabilities. He was again urged to file missing returns and to pursue audit reconsideration, but he apparently indicated that he "was not interested" in making an appointment with a local auditor or examiner. Petitioner also stated that he wanted a face-to-face collection hearing.

On January 12, 2005, the settlement officer with Appeals to whom petitioner's case had been assigned sent a letter scheduling

an in-person hearing for February 16, 2005, and reprising the points made in the previous letter. Petitioner neither appeared for the hearing nor contacted the officer prior thereto. The officer left a voicemail message for petitioner, who returned the call and alleged that he did not receive the January 12, 2005, letter. During that conversation petitioner also advised that he was "living from hand to mouth and throws away receipts". The parties rescheduled a hearing for March 17, 2005.

On March 17, 2005, the settlement officer received a call from petitioner, who said that he was still working on completing financial information and unfiled returns. The settlement officer explained that she was unable to afford additional time and would be closing the case.

On March 24, 2005, respondent issued to petitioner the aforementioned Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the notice of intent to levy. An attachment to the notice repeated the prohibition on petitioner's challenges to his underlying liabilities, stated that petitioner did not raise any other relevant issues or submit proposals regarding collection alternatives, and noted that petitioner also had not filed income tax returns for 1993 through 2003.

Petitioner filed an imperfect petition disputing the notice on April 18, 2005, and an amended petition on June 8, 2005, both

reflecting an address in Shoshone, Idaho. The amended petition read: "MY GROSS INCOME WAS FAR LESS THAN YOU CLAIM I OWE IN TAXES. IN NOT ONE OF THOSE YEARS DID I EARN MORE THAN SEVEN OR EIGHT THOUSAND DOLLARS. I KNOW I DID NOT FILE. I BELIEVED MY INCOME DID NOT REQUIRE IT."

Respondent then filed a motion for summary judgment on June 2, 2006. Petitioner was directed to file any response to respondent's motion on or before June 30, 2006. No such response was received, and the motion was calendared for hearing on August 29, 2006, at the session of the Court in Pocatello, Idaho. There was no appearance by or on behalf of petitioner at call of the case or at any of multiple recalls, despite the Court's having contacted petitioner by telephone during the session and alerted him of times for the recalls.

At the final recall on August 30, 2006, the Court rendered a bench opinion granting respondent's motion for summary judgment. Earlier in the day, counsel for respondent had expressed a desire to move for imposition of a penalty under section 6673 in the amount of $1,500. The Court had directed that respondent file a written motion to that effect, which the Court would consider prior to entering a decision in the case. Respondent filed the referenced motion on September 29, 2006, and petitioner was ordered to file any response on or before November 2, 2006. To date, no response has been received by the Court.

## Discussion

Section 6673(a)(1) authorizes the Court to require the taxpayer to pay a penalty not in excess of $25,000 when it appears to the Court that, inter alia, proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we warned that taxpayers abusing the protections afforded by sections 6320 and 6330 through the bringing of dilatory or frivolous lien or levy actions will face sanctions under section 6673.  We have since repeatedly disposed of cases premised on arguments akin to those raised herein summarily and with imposition of the section 6673 penalty.  See, e.g., Craig v. Commissioner, 119 T.C. 252, 264-265 (2002) (and cases cited threat).

With respect to the instant matter, we have become convinced that petitioner instituted this proceeding primarily for delay.  Throughout the administrative and judicial process, petitioner has repeatedly failed to raise any substantive issues of merit, to supply requested information, to comply with orders of this Court, to submit responses when afforded an opportunity to do so, and to appear at scheduled proceedings.  The resultant waste of time and effort on the part of respondent and the Court is undeniably one of the evils to which section 6673 is directed.

It therefore is appropriate to grant respondent's motion and to award a penalty of $1,500 to the United States in this case.  To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.