T.C. Memo. 2008-174

UNITED STATES TAX COURT

TOMOKO HOMZA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 10719-06L, 3494-07L.      Filed July 23, 2008.

Tomoko Homza, pro se.

<u>Terry Serena</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  The case at docket No. 10719-06L is before
the Court on respondent's motion for summary judgment and for
imposition of sanctions under section 6673.[1]  The case at docket

---

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

No. 3494-07L is before the Court on respondent's motion for summary judgment. (We shall refer collectively to respondent's motion for summary judgment and for imposition of sanctions under section 6673 and respondent's motion for summary judgment as respondent's motions.) We shall grant each of respondent's motions.

### Background

The record establishes and/or the parties do not dispute the following.

Petitioner's address shown in the petition in each of these cases was in Lewis Center, Ohio.

Case at Docket No. 10719-06L
Petitioner's Taxable Years 2000, 2001, and 2002

Petitioner did not file a Federal income tax (tax) return (return) for any of her taxable years 2000, 2001, and 2002. Respondent prepared a substitute for return for each of those years.

Respondent issued to petitioner notices of deficiency with respect to her respective taxable years 2000, 2001, and 2002, which she received. Petitioner did not file a petition with the Court with respect to those notices.

Consequently, respondent assessed on the dates indicated the following tax, additions to tax, and interest as provided by law for petitioner's taxable years 2000, 2001, and 2002:

| | | | Additions to Tax Under | | | |
|---|---|---|---|---|---|---|
| Year | Assessment Date | Tax | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) | Interest |
| 2000 | 11/24/03 | $16,989 | $3,822.52 | $2,718.24 | $907.48 | $3,497.88 |
| 2001 | 11/24/03 | 15,465 | 3,479.62 | 1,546.50 | 618.04 | 1,704.61 |
| 2002 | 11/08/04 | 13,795 | 2,975.40 | 1,256.28 | 460.99 | 1,189.37 |

(We shall refer to any such unpaid assessed amounts with respect to petitioner's respective taxable years 2000, 2001, and 2002, as well as interest as provided by law accrued thereafter, as petitioner's unpaid 2000 liability, petitioner's unpaid 2001 liability, and petitioner's unpaid 2002 liability, respectively.)

On November 24, 2003, respondent issued to petitioner respective notices of balance due with respect to petitioner's unpaid 2000 liability and petitioner's unpaid 2001 liability. On November 8, 2004, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 2002 liability.

On January 25, 2005, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioner's unpaid 2002 liability (notice of intent to levy with respect to petitioner's unpaid 2002 liability).

On February 1, 2005, respondent issued to petitioner a notice of Federal tax lien filing and your right to a hearing under IRC 6320 (notice of tax lien) with respect to petitioner's unpaid 2000 liability, petitioner's unpaid 2001 liability, and petitioner's unpaid 2002 liability (notice of tax lien with

respect to petitioner's unpaid liabilities for 2000, 2001, and 2002).

On February 23, 2005, petitioner timely submitted to respondent Form 12153, Request for a Collection Due Process Hearing (Form 12153), regarding the notice of intent to levy with respect to petitioner's unpaid 2002 liability and the notice of tax lien with respect to petitioner's unpaid liabilities for 2000, 2001, and 2002. Petitioner included as part of that form certain documents that contained statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless. (We shall refer to petitioner's Form 12153 and those documents as petitioner's February 23, 2005 Form 12153.) In petitioner's February 23, 2005 Form 12153, petitioner indicated her disagreement with the notice of intent to levy with respect to petitioner's unpaid 2002 liability and the notice of tax lien with respect to petitioner's unpaid liabilities for 2000, 2001, and 2002 and requested a hearing with respondent's Appeals Office (Appeals Office).

On June 13, 2005, a settlement officer with the Appeals Office (settlement officer) who was assigned petitioner's February 23, 2005 Form 12153 (first settlement officer) sent to petitioner a letter acknowledging receipt of that form. That letter stated in pertinent part:

> We have received your request for a collection due
> process (CDP) hearing. The issues you raised in your

request for a hearing are issues that the Courts have determined to be frivolous or groundless.

    \*       \*       \*       \*       \*       \*       \*

The Appeals Office does not provide an in-person hearing if the issues you wish to discuss are frivolous or groundless.  However, we can hold the hearing by telephone or you can raise relevant issues regarding the filing of a Notice of Federal Tax Lien and the proposed levy by written correspondence.

If you are interested in having an in-person hearing, you must be prepared to discuss issues relevant to paying your tax liabilities for the periods listed above.  These include offering other ways to pay the taxes. \* \* \*

**In the meantime, I have scheduled a telephone hearing for you on June 29, 2005, at 9:00 a.m.** \* \* \*

On June 23, 2005, petitioner sent to the first settlement officer a document entitled "**DECLARATION AND ADMINISTRATIVE NOTICE**" and certain exhibits attached thereto, which petitioner represented consisted of 269 pages (petitioner's first June 23, 2005 declaration).  On the same date, petitioner sent to the first settlement officer another document entitled "**DECLARATION AND ADMINISTRATIVE NOTICE**" and certain exhibits attached thereto, which petitioner represented consisted of 48 pages (petitioner's second June 23, 2005 declaration).  Petitioner's first June 23, 2005 declaration and petitioner's second June 23, 2005 declaration each contained statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

On June 24, 2005, petitioner sent to the first settlement officer another document entitled "**DECLARATION AND ADMINISTRATIVE NOTICE**" and certain exhibits attached thereto, which petitioner represented consisted of 69 pages (petitioner's first June 24, 2005 declaration).  On the same date, petitioner sent to the first settlement officer another copy of that document and certain exhibits attached thereto, which petitioner represented consisted of 47 pages (petitioner's second June 24, 2005 declaration).  Petitioner's first June 24, 2005 declaration and petitioner's second June 24, 2005 declaration each contained statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

On July 22, 2005, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and section 6330 (notice of determination) with respect to petitioner's taxable years 2000, 2001, and 2002 (notice of determination with respect to petitioner's taxable years 2000, 2001, and 2002).  That notice stated in pertinent part:

> The determination of the Appeals Office is that the filing of a Notice of Federal Tax Lien by the IRS was appropriate and that it should not be withdrawn.  We have further determined that it is appropriate for the IRS to collect the unpaid taxes for the 2002 period by levy on your property or rights to property. * * *

The notice of determination with respect to petitioner's taxable years 2000, 2001, and 2002 included an attachment that stated in pertinent part:

### SUMMARY AND DETERMINATION

The taxpayer requested a hearing with the Appeals Office under Internal Revenue Code (IRC) Section 6320 relating to a filed Notice of Federal Tax Lien (the "notice of lien") and under IRC Section 6330 relating to a notice of intent to levy (the "levy notice"). The determination of the Appeals Office is that the notice of lien should not be withdrawn and that collection of the unpaid taxes for the 2002 period by levy is necessary and appropriate.

### BACKGROUND

The taxpayer did not voluntarily file Forms 1040 for any of the 2000-2002 periods. As a result, the IRS prepared the returns under the authority of IRC Section 6020(b). The IRS then made deficiency assessments, which remain unpaid. The taxpayer did not petition the Tax Court for a re-determination of any of the deficiencies. No payments have been made by the taxpayer.

The taxpayer has additional unpaid income tax liabilities for the 1998 and 1999 periods. Forms 1040 for these periods were also prepared by the IRS under the authority of IRC Section 6020(b).

The taxpayer has not filed an income tax return for the 2003 or 2004 periods. Income information available to the IRS reveals that she had income sufficient to require her to file income tax returns for those periods.

### DISCUSSION AND ANALYSIS

1. **Verification of Legal and Procedural Requirements**

   The information obtained by the Appeals Office provides verification that all statutory, regulatory and administrative requirements were met before the notice of lien was filed and before the levy notice was mailed to the taxpayer.

Assessments were made on the 2000-2002 periods in accordance with IRC Section 6201. There was an unpaid balance due for each period when the notice of lien was filed and when the levy notice was issued.

IRC Section 6303 provides that the IRS shall, as soon as practicable, and within 60 days after the making of an assessment, give notice to the taxpayer, stating the amount and demanding payment. The notice required by Section 6303 was timely issued to the taxpayer on each of the 2000-2002 periods.

IRC Section 6321 provides a statutory lien when a taxpayer neglects or refuses to pay a tax liability after notice and demand is provided under Section 6303.

IRC Section 6320(a) requires that the IRS give notice in writing within five days after the filing of a notice of lien of the taxpayer's right to request a hearing before the Office of Appeals. The taxpayer must request a hearing during the 30-day period beginning on the day after the five-day period described above. A notice of lien was filed on January 25, 2005, that included the 2000, 2001, and 2002 periods. The notice required by Section 6320 notice was timely mailed to the taxpayer on February 1, 2005. The taxpayer submitted Form 12153, <u>Request for a Collection Due Process Hearing</u>, on February 23, 2005, which is within the statutory 30-day period.

IRC Section 6330(a) states that no levy may be made until 30 days after the IRS provides written notice to a taxpayer of the opportunity for a hearing with the IRS Office of Appeals. Section 6330(a)(3)(B) requires that the taxpayer request a hearing within the 30-day period. A levy notice was sent to the taxpayer by certified mail on January 25, 2005, that included only the 2002 period. The taxpayer submitted Form 12153 on February 23, 2005, which is within the statutory 30-day period.

IRC Section 6330(c) allows the taxpayer to raise any relevant issue relating to the unpaid tax or

the proposed levy at the hearing.  The issues raised by the taxpayer are addressed below.

The Appeals employee has had no prior involvement with the 2000-2002 periods, either in a previous Appeals hearing or in Compliance activities.

2.  **Issues Raised by the Taxpayer**

The taxpayer raised the following issues in an attachment to Form 12153 and in subsequent correspondence to the Appeals Office.  A hearing was held with the taxpayer by telephone on September 22, 2004.

- All IRS documents are mathematically incorrect.

    Consideration of the Issue by the Appeals Office

    The Appeals Office does not agree with the taxpayer's position.  She did not provide any further explanation at the hearing.  She did not identify the IRS documents that allegedly contain errors.  She did not identify what mathematical errors exist and presented no evidence to support her allegation.

- All IRS data and information shown on received IRS documents has been successfully rebutted and/or proven to be not applicable to me.  The IRS is incorrectly processing and inappropriately using their documents, policies, and practices deceptively.

    Consideration of the Issue by the Appeals Office

    The taxpayer did not further explain this issue at the hearing.  It would be mere speculation for the Appeals Office to determine what her point is.  Nevertheless, the Appeals Office has determined that this issue, as stated, is not relevant to the unpaid tax, the notice of lien, or the proposed levy.

- The IRS has presented their incorrectly processed and unenforceable documents to third parties, who are now complicit with the IRS in their actions taken to date. I have notified these third parties as to their liability in this matter.

Consideration of the Issue by the Appeals Office

The taxpayer did not clarify this issue at the hearing. It is unknown what documents or third parties she has referenced. Further, she did not identify what law, regulation, or procedure has been violated. The Appeals Office believes that this issue is not relevant to the unpaid tax, the notice of lien, or the proposed levy.

- The IRS has attempted to utilize numerous IRS codes which have no applicability to me. I have legally documented and proven my exempt status. Each and every IRS notice has been legally rebutted and/or responded to in a timely and proper manner.

Consideration of the Issue by the Appeals Office

The taxpayer did not further explain this issue at the hearing. The Appeals Office believes that the taxpayer's claim of being exempt from federal income taxes is a frivolous position that warrants no further discussion.

- I have never received a "90-Day Statutory Notice of Deficiency" signed by an authorized agent, which is specific to me. This makes sense because all legitimate IRS documents indicate that I have never been validly or legally assessed, which means there cannot be any penalty or interest charges, which means there is no liability. The IRS' incorrectly processed documentation has not adhered to all IRS regulations and policies and, therefore, needs to be corrected immediately by an IRS acknowledgment of my exempt status and an

immediate reversal of all adverse IRS actions.

<u>Consideration of the Issue by the Appeals Office</u>

The Appeals Office disagrees with the taxpayer's position that she did not receive a statutory notice of deficiency for the 2000-2002 periods.  IRS transcripts for the 2000-2002 periods indicate that the taxpayer did not respond to statutory notices of deficiency (SND) issued for each of the periods.  That is, the taxpayer did not petition the United States Tax Court for a re-determination of the deficiency assessments and did not sign an agreement to the assessments after the SND were issued.  The transcripts further indicate that the SND for each period were mailed to the correct address.  Moreover, the taxpayer presented no evidence to raise any doubt as to whether or not she received the SND and did nor further discuss this issue at the hearing.

As stated above, the Appeals Office has verified that all legal and procedural requirements have been met in this case.  The taxpayer's request for acknowledgment of her exempt status is a patently frivolous issue and need not be further discussed.

The taxpayer raised no challenge to the existence or amount of the underlying liability, except to assert her claim of exempt status.  The taxpayer has not identified any items of income, deduction, or credit, or the computations thereof, that are incorrect.

- I have never been provided with the specific taxing statute and implementing regulation that the IRS legally relies upon to determine that I am a person liable for any specific tax.  I have provided legally documented and irrefutable evidence of my exempt status numerous times to appropriate IRS agents and third parties.

Consideration of the Issue by the Appeals
Office

The Appeals Office believes that there is no
statutory or regulatory requirement, or any
obligation on the part of the hearing officer,
to identify what statute makes the taxpayer
liable for any specific tax.  Furthermore, the
Appeals Officer is not required to prove at
the hearing that the taxpayer is liable for
the taxes.

Once again, the taxpayer's claim of exempt
status is a frivolous position.

- The IRS has again inappropriately provided my
personal and private social security data into
a publicly displayed environment without my
prior written and expressed consent with their
incorrectly filed Notice of Federal Tax Lien.
This also opens a rather serious legal
liability for the IRS.

Consideration of the Issue by the Appeals
Office

The taxpayer did not identify how, when, or
where the IRS made any unauthorized disclosure
of her tax information.  The Appeals Office
believes that her suggestion that the filing
of the notice of lien in the required public
place of filing has violated her rights to
privacy is entirely without merit.

- She owes nothing, as evidenced by Forms 4340.
Forms 4340 are incorrect and should be
corrected showing a correct balance of zero.

Consideration of the Issue by the Appeals
Office

The Appeals Office disagrees with the
taxpayer's position.  Forms 4340 for each of
the 2000-2002 periods clearly show an unpaid
balance owed.  The taxpayer has presented no
evidence to show any irregularity in the
assessment process.  The taxpayer did not
demonstrate or explain how any incorrect entry

on Forms 4340 result in a finding that the balance of tax is zero. The Appeals Office believes that Forms 4340 provide presumptive evidence that the assessments are correct, absent any identification of an irregularity in the assessment process.

- Penalties shown on Forms 4340 are not supported by any documented source evidence and, therefore, are invalid.

  <u>Consideration of the Issue by the Appeals Office</u>

  The Appeals Office disagrees with the taxpayer's position. Forms 4340 provide presumptive evidence that the penalties were properly assessed and no other "source evidence" is necessary to confirm a proper assessment. The taxpayer presented no evidence to identify any irregularity in the assessment of any penalties.

The taxpayer raised no other issues relating to the unpaid taxes, the notice of lien, or the proposed levy and made no offers of collection alternatives.

The Tax Court is empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless. <u>Pierson v. Commissioner</u>, 115 T.C. No. 39. (2000). It is the view of the Appeals Office that the positions the taxpayer has taken have no merit and are groundless and are intended solely to delay payment of taxes.

3. **Balancing the Need for Efficient Collection with the Taxpayer's Concern that the Collection Action be no More Intrusive than Necessary**

IRC Section 6330 requires that the Appeals Officer consider whether any collection action balances the need for the efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary. The taxpayer did not indicate that the notice of lien

or the proposed levy is unnecessarily intrusive. Furthermore, the Appeals Office believes that any concern the taxpayer may have about the intrusiveness of the notice of lien or the proposed levy is not a legitimate concern. She has demonstrated an intentional disregard for the filing of federal income tax returns and for the payment of federal income taxes. She has acted upon a conscious and intentional plan to thwart the IRS' ability to enforce the federal tax laws against her. Her entire objective is to delay collection of any income taxes as long as possible. The taxpayer has no intention of paying any federal income taxes willingly. Therefore, the Appeals Office believes that the notice of lien must remain filed with respect to the 2000-2002 periods and that the IRS has no choice but to collect the unpaid taxes for the 2002 period by levy on the taxpayer's property or rights to property. [Reproduced literally.]

On January 24, 2008, the Court issued an Order in which, inter alia, the Court ordered petitioner to file a response to respondent's motion for summary judgment and for imposition of sanctions under section 6673. In that Order, the Court reminded petitioner about section 6673(a)(1) and admonished her that, in the event that she advanced frivolous and/or groundless statements, contentions, and arguments, the Court would impose a penalty not in excess of $25,000 on her under that section.

On January 29, 2008, petitioner submitted a document that the Court had filed as petitioner's motion to compel production of documents. On February 1, 2008, the Court issued an Order in which, inter alia, the Court stated that "some of the documents that petitioner seeks indicate that petitioner intends to advance frivolous and/or groundless statements, contentions, and argu-

ments."  In that Order, the Court again reminded petitioner about section 6673(a)(1) and again admonished her that, in the event that she advanced frivolous and/or groundless statements, contentions, and/or arguments, the Court would impose a penalty not in excess of $25,000 on her under that section.

On February 14, 2008, petitioner filed a response to respondent's motion for summary judgment and for imposition of sanctions under section 6673 (petitioner's February 14, 2008 response).  Petitioner's February 14, 2008 response contains statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

On March 24, 2008, petitioner submitted a document that the Court had filed as petitioner's reply to respondent's reply to petitioner's response to respondent's motion for summary judgment (petitioner's first March 24, 2008 reply).  Petitioner's first March 24, 2008 reply contains statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

Case at Docket No. 3494-07L
Petitioner's Taxable Year 2003

Petitioner did not file a return for her taxable year 2003. Respondent prepared a substitute for return for that year.

Respondent issued to petitioner a notice of deficiency with respect to her taxable year 2003, which she received.  Petitioner

did not file a petition with the Court with respect to that notice.

Consequently, on October 17, 2005, respondent assessed tax of $8,070, additions to tax under sections 6651(a)(1) and (2) and 6654 of $1,810.58, $764.46, and $208.23, respectively, and interest as provided by law of $806.83. (We shall refer to any such unpaid assessed amounts with respect to petitioner's taxable year 2003, as well as interest as provided by law accrued there-after, as petitioner's unpaid 2003 liability.)

On October 17, 2005, respondent issued to petitioner a notice of balance due with respect to petitioner's unpaid 2003 liability.

On July 25, 2006, respondent issued to petitioner a notice of intent to levy with respect to petitioner's unpaid 2003 liability (notice of intent to levy with respect to petitioner's unpaid 2003 liability).

On August 24, 2006, petitioner timely submitted to respon-dent Form 12153 regarding the notice of intent to levy with respect to petitioner's unpaid 2003 liability (petitioner's August 24, 2006 Form 12153). In that form, petitioner indicated her disagreement with that notice and requested a hearing with the Appeals Office. Petitioner's August 24, 2006 Form 12153 contained statements, contentions, and/or arguments that the Court finds to be frivolous and/or groundless.

On November 8, 2006, a settlement officer who was assigned petitioner's August 24, 2006 Form 12153 (second settlement officer) sent to petitioner a letter acknowledging receipt of that form (second settlement officer's November 8, 2006 letter). That letter stated in pertinent part:

You requested a correspondence hearing.  This will be your primary opportunity to discuss with me the reasons you disagree with the collection action and/or to discuss alternatives to the collection action.

*      *      *      *      *      *      *

The issues you raise in your CDP Request are those that Courts have determined are frivolous or Appeals does not consider.

*      *      *      *      *      *      *

Before you decide whether to petition a notice of determination, you should know that the Tax Court is empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless [Pierson v. Commissioner, 115 T.C. 576 (2000); Forbes v. Commissioner, T.C. Memo[.] 2006-10 ($20,000 penalty imposed); Aston v. Commissioner, T.C. Memo[.] 2003-128 ($25,000 penalty imposed)].

On November 15, 2006, in response to the second settlement officer's November 8, 2006 letter, petitioner sent to the second settlement officer a letter in which she requested "a copy of the complete administrative file * * *, not just the collection file" (petitioner's November 15, 2006 letter).

On December 12, 2006, in response to petitioner's November 15, 2006 letter, the second settlement officer sent to petitioner

a letter (second settlement officer's December 12, 2006 letter).

That letter stated in pertinent part:

> I sent you a letter dated November 8, 2006, offering
> you [a] correspondence hearing per your request. You
> responded [to] the letter requesting a complete copy of
> the administrative file. The Appeals Office is not
> required to provide you with such a file.
>
>      *      *      *      *      *      *      *
>
> Please be advised that we will make a determination in
> the Collection Due Process hearing you requested by
> reviewing the Collection administrative file and what-
> ever information you have already provided.
>
> If you would like to provide information for our con-
> sideration, please do so by December 26, 2006.

On December 17, 2006, in response to the second settlement

officer's December 12, 2006 letter, petitioner sent to the second

settlement officer a letter. That letter stated in pertinent

part:

> I clearly must object to your denial of my right to
> review the entire administrative file. * * * Clearly,
> you are stating that you are biased and prejudicial by
> the mere fact that you will not review ALL the facts as
> they relate to this case.

On January 12, 2007, the Appeals Office issued to petitioner

a notice of determination with respect to petitioner's taxable

year 2003 (notice of determination with respect to petitioner's

taxable year 2003). That notice stated in pertinent part:

> Appeals' determination is to sustain the proposed levy
> action. The assessment at issue is valid and you have
> not offered a collection alternative.
>
> Before you decide whether to petition this notice of
> determination, you should know that the Tax Court is

empowered to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it primarily for delay or for taking a position that is frivolous or groundless.  Pierson v. Commissioner, 115 T.C. No. 39. (2000).  It is our view that the positions you have taken have no merit and are groundless.

The notice of determination with respect to petitioner's taxable year 2003 included an attachment that stated in pertinent part:

### SUMMARY AND DETERMINATION

You requested a Collection Due Process (CDP) Hearing under Internal Revenue Code (IRC) Section (§) 6330 in response to a Final Notice, Notice of Intent to Levy, and Notice of Your Right to a CDP Hearing.

Your request for a CDP Hearing was timely since it was received within the 30-day time period as set in the statute.

Appeals' determination is that the proposed levy action is appropriate for the reasons discussed below.

### BRIEF BACKGROUND

The CDP notice was for the unpaid income tax liability covering the period listed above.  The return was prepared under the Internal Revenue Service's Substitute-For-Return (SFR) procedures.  IRC § 6020(b) gives the IRS authority to file a return if any person fails to file a return required by any internal revenue law or regulation.  A notice of intent to levy was issued to your current address on July 25, 2006.

The Settlement Officer sent you a letter dated November 8, 2006 offering you a correspondence hearing, per your request on Form 12153, Request for a Collection Due Process Hearing.

### DISCUSSION AND ANALYSIS

IRC § 6320 & § 6330 taken together require the Service to:

   a) Verify at the Hearing that the requirements of legal and administrative procedures have been met;

   b) Adequately review specific issues raised by a taxpayer at a Hearing, and;

   c) Balance the needs of the Service to efficiently collect the tax with the taxpayer's expectation that the proposed actions be no more intrusive than necessary.

### **Verification of legal and administrative procedural requirements:**

**N**  The assessment was made on the applicable Due Process Notice periods per IRC § 6201.

**N**  The Notice and Demand for payment letter was mailed to your last known address within 60 days of the assessment, as required by IRC § 6303.

**N**  There was a balance due when the Collection Due Process notice was issued per IRC § 6322 and § 6331(a). There remains an amount due and owing.

**N**  IRC § 6331(a) provides that if any person liable to pay [any tax neglects or refuses to pay] such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property.

**N**  IRC § 6331(d) requires that the Service notify a taxpayer at least 30 days before a Notice of Levy can be issued. The transcripts of the account and the administrative file show that this notice was mailed to you, by certified mail.

**N**  IRC § 6330(a) generally provides that no collection by levy may be made unless the Commissioner notifies a taxpayer of the opportunity for an administrative review of the matter (in the form of an Appeals Office Hearing) and, if dissatisfied, with judicial review of the administrative determination. A Final Notice, Notice of Intent to Levy, and Notice of Your Right to a Hearing was sent to you by certified mail.

N   You were given the opportunity to raise any relevant
    issues relating to the unpaid tax or the proposed
    levy action at the Hearing in accordance with IRC
    § 6330(c).

N   The Settlement Officer requested and reviewed
    detailed computer transcripts of each of the years
    in question.

N   The Settlement Officer was provided various
    documents from the administrative collection files,
    and reviewed the provided information.

N   It appears that the Service met the requirements of
    all applicable laws, regulations and administrative
    procedures during the assessment and collection
    phases of this investigation.

N   The collection period allowed by statute to collect
    these taxes had been suspended by the appropriate
    computer code for the periods at issue.

N   This Appeals employee has had no prior involvement
    with the case concerning the applicable tax period.

**Issues raised by the taxpayer:**

**Challenges to the Existence or Amount of the Liability**

Issue:      In your appeal you stated you never
            received a legally valid Statutory
            Notice of Deficiency and no evidence of
            a signed SFR, per the specific
            requirements of IRC § 6020(b).  You
            stated the notice of intent to levy is
            unauthorized.

Response:   Appeals disagree[s] with your position.
            IRC § 6020(b) gives the IRS authority
            to file a return if any person fails to
            file a return required by any internal
            revenue law or regulation.  The
            Settlement Officer determined the
            issues you raised are frivolous and do
            not require a response.

            The Settlement Officer sent you a
            letter dated November 8, 2006

> requesting you to provide Form 433A, Collection Information Statement, as well as filed signed copies of your returns for tax periods ending December 31, 2004 and 2005 by November 22, 2006. You responded with a letter dated November 15, 2006 requesting Appeals to provide you with the entire administrative file. The Settlement Officer sent you another letter dated December 12, 2006 explaining that Appeals is not required to provide you with the entire administrative file. The letter also requested you to provide information for consideration by December 26, 2006. As of this date, you have not provided the information requested.

**Collection Alternatives Offered by the Taxpayer**

You offered no collection alternatives.

**Other issues raised by the Taxpayer**

You raised no other non-frivolous issues.

**Balancing the need for efficient
collection with taxpayer concerns that the
collection action be no more intrusive than necessary:**

The proposed levy is the appropriate action, given the facts and circumstance of this particular case. In balancing the least intrusive method of collection with the need to efficiently collect taxes, the balance favors the proposed levy, as you presented no information or collection alternative that would weigh against the need for efficient collection. The proposed levy is sustained.

On January 17, 2008, the Court issued an Order in which, inter alia, it ordered petitioner to file a response to respondent's motion for summary judgment. In that Order, the Court reminded petitioner about section 6673(a)(1) and admonished her

that, in the event that she advanced frivolous and/or groundless statements, contentions, and arguments, the Court would impose a penalty not in excess of $25,000 on her under that section.

On January 29, 2008, petitioner submitted a document that the Court had filed as petitioner's motion to compel production of documents. On February 1, 2008, the Court issued an Order in which, inter alia, the Court stated that "some of the documents that petitioner seeks indicate that petitioner intends to advance frivolous and/or groundless statements, contentions, and argu-ments." In that Order, the Court again reminded petitioner about section 6673(a)(1) and again admonished her that, in the event that she advanced frivolous and/or groundless statements, conten-tions, and/or arguments, the Court would impose a penalty not in excess of $25,000 on her under that section.

On February 7, 2008, petitioner filed a response to respon-dent's motion for summary judgment (petitioner's February 7, 2008 response). Petitioner's February 7, 2008 response contains statements, contentions, arguments, and/or requests that the Court finds to be frivolous and/or groundless.

On March 24, 2008, petitioner submitted a document that the Court had filed as petitioner's reply to respondent's reply to petitioner's response to respondent's motion for summary judgment (petitioner's second March 24, 2008 reply). Petitioner's second March 24, 2008 reply contains statements, contentions, arguments,

and/or requests that the Court finds to be frivolous and/or groundless.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Petitioner did not file a petition with the Court with respect to the respective notices of deficiency that respondent issued to her regarding her taxable years 2000 through 2003. Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

As was true of petitioner's position before the Appeals Office, we find that petitioner's position in these cases is frivolous and groundless. Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in making the determinations in the notice of determination with respect to petitioner's taxable

years 2000, 2001, and 2002 and the notice of determination with respect to petitioner's taxable year 2003.

In respondent's motion for summary judgment and for imposition of sanctions under section 6673 in the case at docket No. 10719-06L, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1).  Although respondent does not ask the Court in respondent's motion for summary judgment in the case at docket No. 3494-07L to impose a penalty under that section, the Court considers sua sponte whether it should impose such a penalty on petitioner.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In the notice of determination that respondent issued to petitioner in each of these cases, respondent warned petitioner that the Court is empowered to impose a penalty in an amount not to exceed $25,000 for instituting and maintaining an action before it primarily for delay or for advancing a position that is frivolous or groundless.

In various Orders that the Court issued in each of these cases, the Court reminded petitioner about section 6673(a)(1) and admonished her that, in the event that she advanced frivolous and/or groundless statements, contentions, and/or arguments, the Court would impose a penalty not in excess of $25,000 on her under that section.

Despite the admonitions in the notice of determination issued in each of these cases and in the Court's various Orders issued in each of these cases, we have found that petitioner advanced frivolous and/or groundless statements, contentions, arguments, and requests in petitioner's February 14, 2008 response and petitioner's first March 24, 2008 reply in the case at docket No. 10719-06L and petitioner's February 7, 2008 response and petitioner's second March 24, 2008 reply in the case at docket No. 3494-07L. As a result, petitioner has caused the Court to waste its limited resources.

We believe that petitioner instituted and maintained these cases primarily for delay. We have found that petitioner's position in these cases is frivolous and groundless. We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the case at docket No. 10719-06L and the case at docket No. 3494-07L in the amounts of $13,000 and $2,000, respectively.

We have considered all of petitioner's statements, contentions, arguments, and requests that are not discussed herein,

and, to the extent we have not found them to be frivolous and/or groundless, we find them to be without merit and/or irrelevant.

On the record before us, we shall grant each of respondent's motions.

To reflect the foregoing,

<u>Appropriate orders and decisions for respondent will be entered in docket No. 10719-06L and docket No. 3494-07L</u>.