T.C. Memo. 2011-213

UNITED STATES TAX COURT

MERRITT LEE D'ARCY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13758-10L.                    Filed August 31, 2011.

Merritt Lee D'Arcy, pro se.

<u>James R. Bamberg</u> and <u>Mark J. Tober</u>, for respondent.

MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d)(1),[1] petitioner sought review of the Commissioner's determination to proceed with a proposed levy to collect petitioner's unpaid Federal income tax for 2004, 2005, and 2006 (years at issue).  This case is before

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), and all Rule references are to the Tax Court Rules of Practice and Procedure.

us on respondent's motion for summary judgment under Rule 121, to which petitioner objects. We conclude that there is no genuine issue as to any material fact, and respondent is entitled to a decision as a matter of law.

## Background

Petitioner did not file a Federal income tax return for 2004, 2005, or 2006. Consequently, on November 26, 2008, the Internal Revenue Service (IRS) prepared a substitute for return for each year. On May 4, 2009, the IRS mailed petitioner a notice of deficiency for each of the years at issue.[2] Petitioner did not file a petition with the Court contesting the deficiency determinations, and on September 14, 2009, the IRS assessed the tax liabilities for those years. Petitioner failed to pay the assessed tax liabilities, and on December 28, 2009, the IRS sent petitioner Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing.

---

[2] The notices of deficiency are not part of the record. However, respondent attached to his motion for summary judgment Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters for petitioner's income tax accounts for the years at issue stating that "additional tax assessed by examination audit deficiency per default of 90 day letter". Respondent also attached to his motion for summary judgment Substitute U.S. Postal Service Forms 3877 confirming that on May 4, 2009, the IRS mailed to petitioner at his last known address (which is also his current address of record) notices of deficiency for the years at issue. Petitioner does not deny receiving the notices of deficiency.

On January 4, 2010, petitioner submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request). Petitioner's CDP hearing request stated that he disagreed with the IRS' proposed collection activity because he is a "nontaxpayer". Petitioner attached a "rebuttal letter" to his CDP hearing request declaring, among other statements, that his "abode and dwelling is geographically located in the Republic of Florida * * * entirely outside of Federal legislative jurisdiction" and he has not been provided evidence that "the Internal Revenue Code is 'law'". He did not request a collection alternative.

On March 16, 2010, petitioner and Settlement Officer Florence Barba (Ms. Barba) of the IRS Office of Appeals (Appeals) sent letters to each other. Petitioner's letter requested a face-to-face CDP hearing instead of a telephone conference. Ms. Barba's letter notified petitioner that she had received his CDP hearing request and scheduled a telephone conference for April 13, 2010. She explained that he had raised only frivolous arguments in his CDP hearing request and would not be allowed a face-to-face conference unless within 30 days he withdrew, in writing, his frivolous arguments and filed all required tax returns.[3] Ms. Barba further explained that in order for her to

---

[3] Petitioner's 2007 and 2008 Federal income tax returns had not been filed. Petitioner's 2009 Federal income tax return was not yet due.

consider alternative collection methods, petitioner had to provide her with Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and all supporting documentation.

Petitioner did not participate in his scheduled telephone conference with Ms. Barba, and she mailed petitioner a letter notifying him that he had missed his telephone conference and still had not provided her with Form 433-A or any other information needed for her to consider collection alternatives. On April 23, 2010, more than 30 days after Ms. Barba's March 16, 2010, letter, petitioner mailed her a letter stating that he had withdrawn his frivolous arguments in a letter sent to her on April 1, 2010, but since it appeared that she had not received it, his April 23, 2010, letter constituted his agreement to waive his frivolous arguments. His letter also stated that he did not need to file Federal income tax returns for the years at issue because his taxable income was below the amount for which filing a tax return is required, and since he did not owe any tax "there is no offer for payment of same".

On May 20, 2010, Ms. Barba mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sustaining the proposed levy. The notice of determination stated that petitioner did not offer any collection alternatives and disagreed that he owed

- 5 -

Federal income tax for the years at issue.  The notice of determination further stated that petitioner's request for a face-to-face conference could not be granted because he did not withdraw his frivolous arguments within 30 days of receiving Ms. Barba's request to do so or file his Federal income tax returns for 2007 and 2008.

On June 16, 2010, petitioner filed a petition[4] with the Court in which he argued:  "I have determined that I have not had sufficient taxable income to require the filing of a return" and "the IRS had no reason to charge interest" and "no reason to penalize me."  On March 18, 2011, respondent filed a motion for summary judgment arguing that petitioner's opportunity to challenge the underlying tax liability had passed and petitioner had raised only frivolous arguments in his CDP hearing request and correspondence with Ms. Barba.

On April 7, 2011, petitioner filed his objection to respondent's motion for summary judgment.  Petitioner's objection argued that the Government lacked standing, acted in bad faith, failed to state a claim upon which relief could be granted, and filed its motion for summary judgment "for the purpose of defrauding this petitioner out of a fair and impartial hearing on the merits of the issues that have been placed before it on the

---

[4]  Petitioner resided in Florida at the time he filed his petition.

petition." On April 25, 2011, we held a hearing on respondent's motion for summary judgment.

## Discussion

### I. Summary Judgment

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Summary judgment may be granted if it is demonstrated that no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no issue as to any material fact and that a decision may be rendered as a matter of law.

### II. Determination To Proceed With Collection

Section 6330(a) provides that the Secretary shall furnish taxpayers with written notice of their right to a hearing before any property is levied upon. Section 6330 further provides that the taxpayer may request administrative review of the matter (in the form of a hearing) within a prescribed 30-day period. Sec. 6330(a) and (b).

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended

collection action(s), and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a notice of deficiency for the year in issue or otherwise had the opportunity to dispute the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Petitioner argues that the amounts respondent determined to be his underlying tax liabilities for the years at issue are incorrect. The IRS issued petitioner a notice of deficiency for each year at issue. Petitioner does not deny receiving the notices of deficiency, and respondent attached to his motion for summary judgment Forms 3877 confirming that the IRS had mailed each notice of deficiency to petitioner's last known address (which is also petitioner's current address of record). Therefore petitioner is precluded from challenging the existence or amounts of the underlying tax liabilities. See sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183.

Where, as here, the amounts of petitioner's underlying tax liabilities are not at issue, we review the Commissioner's determination for abuse of discretion. Petitioner did not

request that Ms. Barba consider collection alternatives, failed to provide her with the financial information that she requested or file all required tax returns, and raised only frivolous arguments in his CDP hearing request and correspondence with Ms. Barba. Accordingly, the Commissioner did not abuse his discretion in determining that collection activity should proceed.

We take this opportunity to warn petitioner that the Court may impose a penalty pursuant to section 6673(a)(1) if he returns to the Court and proceeds in a similar fashion in the future. See Pierson v. Commissioner, 115 T.C. 576 (2000).

To reflect the foregoing,

An appropriate order and decision will be entered.