T.C. Memo. 2011-268

UNITED STATES TAX COURT

DAVID ROY CALLIHAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14506-10.              Filed November 10, 2011.

David Roy Callihan, pro se.

<u>Lynn M. Barrett</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>:  Respondent determined a deficiency of $4,105
in petitioner's Federal income tax for tax year 2007.  Petitioner
timely petitioned the Court for redetermination.

The principal issue for decision is whether the payments
petitioner received in exchange for services he provided are

gross income on which taxes should be paid.  Respondent also seeks a penalty under section 6673.[1]

## FINDINGS OF FACT

Petitioner resided in Florida at the time he filed the petition.

During tax year 2007 petitioner worked for the School District of Desoto County and received $37,640 in wages. Petitioner also worked for the Sarasota Family YMCA, Inc., and received $616 in wages.  These amounts were reported to the Internal Revenue Service (IRS) by each employer on Form W-2, Wage and Tax Statement.  Petitioner also received a taxable grant from the State of Florida for $475 that was reported to the IRS by the State on a Form 1099-G, Certain Government Payments.

Petitioner timely filed his tax year 2007 return, disputing the taxable nature of the income received.  On March 1, 2010, respondent mailed to petitioner a notice of deficiency setting forth respondent's determination of a deficiency in petitioner's income tax for tax year 2007.  In response, petitioner filed a timely petition with the Court.[2]

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue.

[2]On Sept. 5, 2011, petitioner received a final notice of intent to levy.  This premature collection by levy has been abated pending the decision in this case.

OPINION

Tax Deficiency

While petitioner admits that he received the amounts on which the deficiency is based, he denies that they are taxable as income.  He alleges that "wages" are remuneration for "employment", see sec. 3121(a), that "employment" means service performed "within the United States", see sec. 3121(b), and that "the term 'United States' when used in a geographical sense includes the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and America Samoa", sec. 3121(e)(2).  Petitioner contends that the term "United States" therefore excludes all 50 States and that his services performed in Florida were not performed in the "United States" and his earnings from services performed in Florida are not taxable wages.

Petitioner's arguments are without merit and lack factual and legal foundation, and "we are not obligated to exhaustively review and rebut petitioner's misguided contentions."  See Sanders v. Commissioner, T.C. Memo. 1997-452.  The contention that the 50 States are not part of the "United States" is a thoroughly discredited and frivolous argument.  See United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) (citing Brushaber v. Union Pac. R.R., 240 U.S. 1, 12-19 (1916)); Rev. Rul. 2006-18, 2006-1 C.B. 743.  Section 3121 pertains to employment taxes (not Federal income tax) and states to clarify that the "United

States" does include areas that might not otherwise be thought to fall within the United States (Puerto Rico, the Virgin Islands, Guam, and America Samoa).  Sec. 3121(e)(2); Ulloa v. Commissioner, T.C. Memo. 2010-68.

## Section 6673 Penalty

Respondent has moved for a penalty under section 6673. Section 6673(a)(1) authorizes this Court to require a taxpayer who has instituted or maintained a proceeding primarily for delay, or whose position is frivolous or groundless, to pay a penalty of up to $25,000 to the United States.  See Nis Family Trust v. Commissioner, 115 T.C. 523, 544 (2000).  The purpose of section 6673, like that of section 6702, is to compel taxpayers to think and to conform their conduct to settled tax principles. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).

The type of argument petitioner raised, especially that his wages are not taxable, is the type of argument that has been deemed by the Court to be frivolous and/or sanctionable under section 6673.  Petitioner's continued reliance and insistence on advancing these arguments waste the Court's and respondent's limited resources, taking time away from taxpayers with legitimate disputes.  After much consideration, the Court will deny respondent's motion to impose a penalty on petitioner. However, the Court explicitly admonishes petitioner that he may, in the future, be subject to a penalty under section 6673 for any

proceedings instituted or maintained primarily for delay or for any proceedings which are frivolous or groundless.  See <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000).

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.