T.C. Memo. 2008-188

UNITED STATES TAX COURT

SHAUN D. RYAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10864-07L.                    Filed August 6, 2008.

Shaun D. Ryan, pro se.

<u>Donna F. Herbert</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Petitioner, pursuant to section 6330(d),[1]
seeks review of respondent's determination to proceed with
collection by levy of petitioner's unpaid 2001, 2002, and 2003
Federal income tax liabilities.  The issue for our consideration

---

[1]All section references are to the Internal Revenue Code,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

is whether respondent abused his discretion by determining to proceed with the proposed levy.

## Background

Respondent moved for summary judgment in this section 6330 collection case with respect to all of the issues and for the imposition of a penalty under section 6673. By order of the Chief Judge, petitioner was given the opportunity to file an objection to respondent's motion, and the motion was calendared for a hearing on April 7, 2008, in Los Angeles, California. In response to the Chief Judge's order petitioner questioned the Chief Judge's authority and requested his Presidential Commission, Oath of Office, Appointment Affidavit, and Senate Confirmation. Petitioner, however, did not respond to the merits of respondent's motion for summary judgment, and he failed to appear at the April 7, 2008, hearing in Los Angeles, California.

Petitioner failed to file an income tax return for 2003, and he submitted documents purporting to be returns (containing zeros in all boxes) for 2001 and 2002. Petitioner received notices of deficiency for all 3 years determining income tax deficiencies but failed to petition this Court, allowing respondent to assess said deficiencies. Thereafter, respondent sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (notice 1) with respect to the

2001 and 2002 liabilities.  Respondent sent petitioner a similar notice for 2003 (notice 2).

Petitioner requested a hearing with respect to notice 1 and notice 2 on September 1, 2005, and July 18, 2006, respectively. On January 24, 2007, Settlement Officer Nathan August (Mr. August) sent a letter to petitioner scheduling a telephone hearing for February 28, 2007, at 10 a.m.  In that same letter, petitioner was offered a face-to-face hearing on "any nonfrivolous issue".  In correspondence with Mr. August petitioner stated that his reason for disagreeing with the proposed collection action was "simply that * * * [he] [wants] to make sure that all the administrative procedures of IRC 6320 and 6330 have been met."  Mr. August obtained and sent to petitioner computerized transcripts of account for each taxable year.

On February 26, 2007, Mr. August received a Form 2848, Power of Attorney and Declaration of Representative, and facsimile from Jeff Hubacek (Mr. Hubacek), who ostensibly represented the interests of petitioner, advising that a "family issue" required the rescheduling of the February 28, 2007, telephone hearing. Previously (approximately June 24, 2004) Mr. Hubacek had been enjoined from engaging in the preparation of fraudulent tax returns that contained merely zeros.  In enjoining Mr. Hubacek, the Federal District Court judge found that his scheme was "to help his customers evade taxes * * * [using] the same frivolous

theory propounded by Irwin Schiff". The judge also found that "Hubacek submits false Forms 2848 to the IRS stating that he is an attorney or his customer's full-time employee." In view of that information, Mr. August did not communicate with Mr. Hubacek.

On February 28, 2007, Mr. August sent another letter to petitioner to provide an opportunity for a hearing, but no response was received from petitioner. Accordingly, on April 12, 2007, petitioner was issued Notices of Determination Concerning Collection Action(s) under Section 6320 and/or 6330 for his 2001, 2002, and 2003 tax years, from which petitioner petitioned this Court for review.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to a legal issue, if there is "no genuine issue as to any material fact and * * * a decision may be rendered as a matter of law." Rule 121(a) and (b); Craig v. Commissioner, 119 T.C. 252, 259-260 (2002); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).

In his petition petitioner broadly and generally contends: The tax liens and levies do not comply with the income tax

regulations; the Appeals officer made false and erroneous claims in the notice of determination; and the Government may levy only on the property of Federal employees. Petitioner did not allege with any meaningful specificity which claims were false or erroneous. Throughout the administrative process and in his pleadings, petitioner has raised tax-protester and frivolous arguments, all of which have been addressed by this and other courts on numerous occasions. See, e.g., Carrillo v. Commissioner, T.C. Memo. 2005-290 (and cases cited therein). We see no need to reiterate the reasons petitioner's arguments are without merit or substance.

Petitioner did not petition this Court from his statutory notices of deficiency, and respondent assessed the taxes after the 90-day period. Accordingly, petitioner may not contest the underlying tax liabilities. See Sego v. Commissioner, 114 T.C. 604, 610 (2000). Our review of respondent's administrative action in this proceeding is solely for an abuse of discretion. See Goza v. Commissioner, 114 T.C. 176 (2000).

Other than frivolous arguments, petitioner questioned whether the administrative procedures had been followed. Section 6330(c)(3) requires that the determination of an Appeals officer take into consideration: (1) The verification that the requirements of any applicable law or administrative procedure have been met; (2) issues raised by the taxpayer; and (3) whether

any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection be no more intrusive than necessary.

Mr. August supplied petitioner with transcripts of his account, which complied with the verification requirement. That adequately addressed the only nonfrivolous issue petitioner raised and, as indicated above, there was no need for petitioner's well-worn frivolous issues to be addressed. Finally, petitioner did not raise any collection alternatives or practical collection concerns. Accordingly, we find that there was no abuse of discretion in the decision to proceed with collection activity.

Respondent also seeks the imposition of a penalty under section 6673 on the grounds that petitioner has instituted or maintained this proceeding primarily for delay and/or that his position in this proceeding is frivolous or groundless. Sec. 6673(a)(1). Section 6673 applies to collection due process proceedings, and a penalty, not in excess of $25,000, may be imposed in this proceeding. See Pierson v. Commissioner, 115 T.C. 576 (2000).

Other than questioning whether the administrative procedures were followed, petitioner has not raised any questions, arguments, or issues other than those which have long been labeled frivolous. Typical of petitioner's groundless and

frivolous positions is that because he is not a Federal employee, he is not subject to the tax or a levy based on the tax. Petitioner has wasted the time of the legal system and respondent by pursuing positions which have been rejected for more than 20 years.  Petitioner did not respond to the Court's orders or appear at the trial session, and he also failed to raise meaningful arguments.  It is clear to this Court that petitioner instituted and maintained this proceeding for purposes of delay. The circumstances of this case warrant the imposition of a $3,000 penalty to address petitioner's actions and to discourage him from similar actions in the future.

     To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.